193 So.2d 618 (1966)
William L. BARTON, Appellant,
v.
STATE of Florida, Appellee.
No. 6786.
District Court of Appeal of Florida. Second District.
December 28, 1966.
Rehearing Denied February 1, 1967.
*622 Robert E. Jagger, Public Defender, Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
ADKINS, JAMES C., Jr., Associate Judge.
Appellant was convicted of murder in the second degree under an indictment charging murder in the first degree of Alfred Corbin, and a sentence of life imprisonment was imposed.
Corbin was shot and killed on February 3, 1965, in an automobile parked in a secluded pasture while he was engaged in sexual intercourse. His companion, a Mrs. O'Brien, testified that a man came to the window of the automobile, said "I finally caught you", and fired the five or six shots that wounded her and killed Corbin. Neither the appellant nor his vehicle could be positively identified by Mrs. O'Brien.
The appellant, Barton, was arrested in Pennsylvania pursuant to a Pennsylvania breach of peace warrant and an alert stating that he was wanted in Florida for questioning. A deputy sheriff from Pinellas County flew to Pennsylvania, interviewed appellant, learned the name of William Russ, and returned to Florida. Russ was then incarcerated and questioned. As a result of this interrogation, an arrest warrant was issued for appellant. Extradition was waived and appellant was brought to Florida where a statement was procured from him.
The case proceeded to trial before a jury and upon appellant's motion the court directed a verdict of not guilty to murder in the first degree at the close of the State's case. The defendant then waived his right to a jury trial. The court accepted the waiver and the defendant rested. The court adjudicated the defendant guilty of murder in the second degree and sentenced him to life imprisonment.
Appellant has listed 73 assignments of error, the first group of which relates to matters occurring in Pennsylvania. He first complains that the trial judge should have granted his motion to suppress because of the invalidity of his arrest by the Pennsylvania authorities on March 15, 1965. Appellant was arrested upon the Pinellas County warrant on March 23, 1965, and charged with homicide. This was the legal process by which jurisdiction was obtained over the person of the appellant.
Evidence obtained as a result of an illegal arrest is subject to suppression. Jones v. State, 123 So.2d 385 (Fla.App.3rd Dist. 1960). It does not appear from the record that any evidence used at the trial was obtained from appellant prior to his arrest on March 23, 1965, and his return to Florida. Therefore, the legality of his arrest by the Pennsylvania authorities becomes immaterial.
When the subject was taken into police custody, and the police carried out a process of interrogations that lended itself to eliciting incriminating statements, the investigation was no longer a general inquiry into an unsolved crime but had begun to focus on appellant as a particular suspect. At that point the principles enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), became applicable. The Pennsylvania authorities advised appellant of his right to an attorney while he was being held in Pennsylvania. Also, when defendant was arrested by the Pinellas County officials, he was advised that he didn't have to make a statement; that anything he said could be used against him; and that he had the right to have an attorney. No incriminating *623 statements were made in Pennsylvania, but through the appellant the police learned the name of William Russ.
The decision of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was rendered June 13, 1966. This decision prescribed the procedural safeguards to be employed in the custodial interrogation of a defendant. Appellant's trial was held ten months prior to the rendering of Miranda v. State of Arizona, supra, and the procedures of the police authorities were valid and constitutional under the interpretations of the Florida Supreme Court and the United States Supreme Court as they existed on the date of trial. The rationale set forth in Miranda v. State of Arizona, supra, should not be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. See also, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.
The appellant, after being informed of his constitutional rights by a Pennsylvania judge, signed a waiver of extradition and was taken by automobile to Clearwater, Florida, arriving there at approximately 5:00 A.M. on Thursday, March 25th. No information was obtained from the appellant during the trip from Pennsylvania to Clearwater.
Upon arrival in Clearwater, appellant was placed in a cell and not questioned until 3:00 or 4:00 that afternoon. Between 8:00 and 9:00 that evening the defendant made a verbal statement and signed a written statement shortly after midnight. A deputy sheriff testified that prior to securing the written and oral statements he asked the appellant if he wanted a lawyer and told appellant he did not have to make any statement. The appellant replied "I don't want a damn lawyer." The testimony was conflicting as to whether appellant was sufficiently advised of his rights and whether the confession was voluntary or induced by threats. The credibility of the witnesses was for the trial judge.
A confession should not be rejected because it was made under excitement or mental distress or disturbance not induced by extraneous pressure exerted to compel a confession, but which arose from the confessor's own apprehensions due to the situation in which he found himself. Cullaro v. State, 97 So.2d 40 (Fla.App.2nd Dist. 1957).
Appellant's statement was narrated by him to a court reporter. After it was transcribed, he read the statement, corrected it in some minor details, and initialed it. In his own handwriting, he added, "I am very sorry this happened. I wish I could change places with that man but I can't. I would like to tell his wife I am very sorry. I didn't mean to do this. Please forgive me." He then signed the statement again. The confession was clearly admissible. See Patterson v. State, 157 Fla. 304, 25 So.2d 713 (1946).
The appellant contends that the preliminary hearing was "fraudulently" delayed for the purpose of eliciting a confession from the defendant. On March 25, 1965, appellant was incarcerated in Pinellas County. It then became the duty of the officers, without unnecessary delay, to take the person arrested before the magistrate who issued the warrant, F.S.A. § 901.06. The confession was made during the night of March 25, 1965, and transcribed into writing during the early morning hours of March 26. Due process is not violated by a delay in taking an accused before the committing magistrate unless it is shown that the delay in itself resulted in the confession under attack. It will not be presumed that such was the case. Romanello v. State, 160 So.2d 529 (Fla.App. 1st Dist. 1964). The failure of the officers to take the accused before a committing magistrate during the first day of incarceration in Pinellas County was not fatal to the confession's admission in evidence, even though the accused was subjected to questioning during the afternoon and night. See Harris v. State, 162 So.2d 262 (Fla. 1964).
*624 The appellant was taken before the committing magistrate on Monday, March 29th. In the meantime, on Friday, March 26th, the public defender was appointed by the court to represent the appellant. The delay from Friday until Monday was not unreasonable, and could have no bearing upon the admissibility of a statement which had been secured on Thursday evening.
Appellant has raised several questions concerning the preliminary hearing. Such proceedings partake of the nature of an inquiry and serve only to determine whether or not probable cause exists to hold a person for trial. A prosecution may be instituted and maintained regardless of such an investigation. Baugus v. State, 141 So.2d 264 (Fla. 1962); 6 F.L.P. Criminal Law, § 204. In fact, the denial of a preliminary hearing cannot deprive a defendant of due process of law and the substance of a fair trial, in the absence of a showing that prejudice results from defendant's failure to have a preliminary hearing. Gibson v. State, 173 So.2d 766 (Fla.App. 3rd Dist. 1965). Appellant has failed to show that his rights were prejudiced at the preliminary hearing, in view of the finding of probable cause by the grand jury.
After the indictment was returned, appellant moved in circuit court to quash the arrest warrant on the ground that the affidavit for arrest warrant was based upon conjecture and suspicion and did not set forth sufficient facts to establish probable cause. Prior to the return of the indictment these questions could have been raised by habeas corpus. 11 F.L.P. Habeas Corpus, §§ 15, 16, and 17. By returning an indictment, the grand jury found probable cause and the motion to quash was properly denied.
The indictment was in the usual form charging murder to have been committed with a premeditated design to effect the death of Corbin. The appellant argues that he should have been furnished with a bill of particulars specifying whether the State would proceed on the theory of felony murder or premeditated murder. Without being apprised of the specific theory under which the State was electing to proceed, appellant says he was placed at a burdensome disadvantage by being forced to prepare defenses to each, which defenses necessarily are inconsistent. Appellant contends that forcing such a burden upon him constituted a denial of due process.
The allegations of the indictment were sufficient to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of any of the felonies mentioned in F.S.A. § 782.04 or was committed with a premeditated design. Southworth v. State, 98 Fla. 1184, 125 So. 345. Under such a charge evidence under either theory may be introduced and defendant may be convicted either on the theory that the killing was carried out as a result of a premeditated design to effect death or on the theory of felony murder. Larry v. State, 104 So.2d 352 (Fla. 1958). The denial of the motion for bill of particulars was proper.
The State was ordered to produce the automobiles of deceased and Mrs. O'Brien for inspection and examination,
"in the event that said automobiles are in the custody of the State or the Sheriff of Pinellas County, Florida, provided, however, that if the automobiles are not in the custody of the State or the Sheriff, then the State shall provide to the Public Defender only such information as is in the hands of the State and the Sheriff as to the location, possession and custody of said automobiles, without being required to investigate further in order to provide additional information for the Public Defender not presently in the hands of the State or the Sheriff."
Appellant filed a motion to suppress reciting that the O'Brien automobile was subsequently sold and was no longer in her possession and that the deceased's car was returned to his widow and this automobile *625 had been repaired, refurbished and returned to its original condition. Appellant was furnished with six photographs of the automobiles,
"depicting numerous items in, on and about said automobiles wherein it became indispensable that counsel for Defendant, together with expert witnesses, scientifically examine and inspect said automobiles in order to properly prepare his defense * * *"
He further states that,
"material evidence has, in fact, been suppressed by the prosecution and law enforcement officials that would have been of benefit to the Defendant; that to allow the State Attorney to present testimony and evidence pertaining to or in any way connected with said automobile would deprive the defendant of a fair and impartial trial by jury. * * *"
Appellant contends that the lower court erred in denying his motion to suppress. No testimony or evidence "pertaining to or in any way connected with said automobiles" was introduced by the State, so the only question remaining is whether the appellant was hindered in the preparation of his defense.
Under the provisions of F.S.A. § 925.04, the committing magistrate or the trial judge may order the production of documents and things for inspection, copying or photographing, "[w]hen a crime has been committed" and "[when] the evidence of the state shall relate to" the enumerated items. The statute does not contemplate a fishing expedition, but is limited to those documents or things which are used as "evidence of the state."
The deliberate destruction, concealment, or suppression of material evidence by the State would impair the constitutional rights of an accused. The record is completely void of any such illegal activity on the part of the State, and a bald statement that "material evidence has, in fact, been suppressed" without supporting facts is insufficient.
The motion for discovery and production of documents and things could have been made to the committing magistrate on March 29. Instead, it was filed on June 22nd and presented to the trial judge on July 8. This delay is unexplained.
Appellant has failed to show that the disposition of the O'Brien car and the refurbishing of the deceased's car hindered him in the preparation of his defense.
Appellant further says that the lower court erred in denying defense the right to talk to the witness William Russ. Numerous hearings were held before the lower court to determine if Russ wished to talk with defense counsel. The court found that Russ
"freely and voluntarily expressed his desire that he not be required to talk or discuss the captioned case with anyone whomsoever except representatives of the State."
The court then ordered that Russ had a legal right to decline to talk with counsel for defendant and that he would not be required to talk to the attorney for the defendant.
The State's witnesses are under no legal obligation to talk to a defendant's counsel, and it is not error to deny a defendant's request to the court to compel named witnesses to talk with defendant's counsel. State v. Lampp, 155 So.2d 10 (Fla. App. 2d Dist. 1963).
The public defender was authorized by a Special Act, Ch. 61-2663, to summons witnesses to appear before him for the purpose of testifying as to "any matter pertaining to the defense of the defendant." Under this purported authority subpoenas were issued to several prospective witnesses, including William Russ. The State filed a motion to quash and stay the taking of depositions, alleging that the witnesses were *626 State witnesses essential to the prosecution of the cause and the purpose of the subpoenas was to secure pre-trial discovery on behalf of defendant of these State witnesses. The subpoenas were issued August 4, 1965, and were returnable on August 6, 1965. The order granting the motion to quash and stay the taking of depositions was entered August 5, 1965.
The practice and procedure in all courts are governed by rules adopted by the Supreme Court of Florida. Fla. Const., Art. V, § 3, F.S.A. The public defender's special act of the legislature cannot be used as a vehicle to circumvent the principles enunciated in State v. Lampp, supra. The ex parte issuance of subpoenas for the purpose of taking a private deposition was properly quashed by an ex parte order, under the circumstances of this case.
This holding, of course, does not affect the right of a defendant to subpoena witnesses at a preliminary hearing or appropriate habeas corpus hearing. See 11 F.L.P. Habeas Corpus, § 17. In appropriate proceedings, defense counsel may subpoena any witness having knowledge of relevant or material facts even if such witness may be classified as a witness for the State.
Appellant sought a continuance on the ground that the sheriff's office had concealed two witnesses material to defendant's case, but, at the hearing, indicated that the substance of the alleged testimony of these purported witnesses was unknown. The motion did not contain the necessary allegations, Moore v. State, 59 Fla. 23, 52 So. 971, and its denial was not an abuse of discretion. See also, F.S.A. § 916.05.
On the day of the trial, appellant filed a petition for writ of habeas corpus ad testificandum pursuant to the authority announced in Hodgins v. State, 139 Fla. 226, 190 So. 875, 124 A.L.R. 450. In the case sub judice the public defender was not denied the right to interview Russ. The purpose of the proceedings in the Hodgins case was to secure the "right to interview" and the court did not say that an order should be entered requiring a witness to talk, against his will, to the defense attorney. The lower court properly denied the petition for writ of habeas corpus ad testificandum.
During the course of the trial the defendant, his attorneys, and the attorneys for the state had a conference in the judge's chambers out of the presence of the jury. The public defender announced,
"I have been talking to the defendant at some length and with regard to the change of plea and the defendant has indicated his willingness to change his plea but insists absolutely that he is not guilty, and of course understand  this I have not felt it proper to come forward and change his plea just with the idea of getting it over * * *."
During the conference, out of the presence of the jury, the judge said,
"Again my concern is this, and I think it is a proper concern, and I don't think it is improper to say so purely from the evidence that I have heard so far. It looks to me like a case of second degree murder 
"if he were to change his plea to guilty of second degree, he would have to tell me  would have to convince me that he did it freely and voluntarily, with full knowledge of all the facts and the appropriate law, is advised by his counsel, and he would have to tell me himself that he did commit the offense. * * *"
The trial of the case was then resumed before the jury. After the State announced rest, the judge directed a verdict in favor of appellant as to the charge of first degree murder. The defendant then executed a written waiver of his right to a trial by jury and requested a trial by the court without a jury. The jury was excused, the defense announced rest, and the court found and adjudged the defendant guilty of murder in the second degree.
*627 This maneuver bordered upon a plea of guilty under the circumstances of this case. In any event, the appellant waived his right to now assert as error matters which he contends prejudiced the jury. Nor can he waive his right to a jury trial during the course of the proceedings, and then contend that he did so because the trial judge was prejudiced or unfair. The appellant received the cold neutrality of an impartial judge, and there is nothing in the record to arouse suspicion as to the fairness or integrity of the eminent trial judge.
The other assignments of error have been considered and are without merit. F.S.A. § 924.33. No reversible error has been made to appear and the judgment appealed from is hereby affirmed.
ALLEN, C.J., and SHANNON, J., concur.