## STATE v. CALLAHAN.
### No. 7148.
Circuit Court, Dade County.

February 22, 1971.

Edward C. Vining, Jr., Miami, for the appellant.

Richard E. Gerstein, State Attorney, John Durant, Assistant State Attorney, for the appellee.

MARSHALL C. WISEHEART, Circuit Judge.

This cause coming on to be heard upon the defendant's appeal from a conviction for driving while under the influence of an intoxicating beverage in violation of §30-15(a) of the Metropolitan Code of Dade County and upon a conviction for careless driving in violation of §30-17(a) of the code, and upon the assignments of error, briefs of the parties in the record and oral argument, the court finds and holds that there was substantial error by the trial court in the admissions of evidence and rulings on motions as follows —

The record shows that the arresting officer did not give the required constitutional warnings, and that no warning was given by the D. O. operator until substantially all of his tests and interrogation were completed, that after 25-30 minutes the defendant was told only "that anything she said or did in my presence could and would be used as evidence in court". Their testimony as to the defendant's statements, and the results of the performance tests given her, was objectionable and should have been suppressed or stricken.

It further appears that certain tangible evidence, namely, the test sample taken by the D. O. operator was destroyed or discarded and that this action frustrated the defendant in her defense, and prejudicially infringed her right to discovery, and insofar as it was the destruction of material evidence denied defendant her constitutional rights. Barton v. State (1966), Fla. App. 2, 193 So.2d 618, 625, cert. den. 201 So.2d 459.

It further appears that the refusal to order separation of witnesses upon the defendant's request was not based upon any fact or law and was therefore arbitrary.

The court holds that the court below erred — (1) In denying defendant's second motion to produce the machine and capsule or solution therein requested. (2) In overruling defendant's objections to certain of the testimony of Officer William Maltz (arresting officer), and the witness, John Duffy. (3) In the admission of testimony of the D. O. technician as to the chemical test results. (4) In failing to invoke the rule as to separation of the witnesses pursuant to request of defendant's counsel.

The foregoing premises considered, it is ordered and adjudged that —

The judgment of guilty, sentence and revocation of driver's license for one year, Code §30-15(a), is reversed and the defendant-appellant Eleanor A. G. Callahan is ordered acquitted of said charge.

The judgment of guilty and sentence for alleged violation of Code 30-17(a) is modified and the Dade County Metropolitan Court directed to correct the sentence therefor to a fine of $200 only.

The supersedeas bond and any appearance bond posted in the court below, not heretofore remitted or discharged, are ordered to be forthwith remitted or discharged, and the $1,000 cash supersedeas bond shall be forthwith remitted, less the aforesaid fine of $200.