273 So.2d 130 (1973)
Carlos Junior HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. O-427.
District Court of Appeal of Florida, First District.
February 20, 1973.
*131 Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William W. Herring, Asst. Atty. Gen., for appellee.
MILLS, E.R., Jr., Associate Judge.
Appellant has appealed from a conviction of first degree murder contending the trial court committed the following errors:
1. by admitting into evidence Appellant's confessions though Appellant, who was 14 years of age at the time he made the confessions, had not been brought before a Juvenile Judge as required by Section 39.03(3), Florida Statutes, F.S.A., prior to making the confessions; and had not been afforded a preliminary hearing as required by Section 902.01, Florida Statutes, and Rule 1.122, Rules of Criminal Procedure, 33 F.S.A.
2. by refusing to allow Appellant's counsel to conduct a full examination into and by failing to rule on the voluntariness of the confessions at a suppression hearing held out of the presence of the jury.
3. by denying Appellant's Motion for New Trial based on the ground that the evidence was insufficient to support the jury's verdict that the homicide was committed *132 with a premeditated design to effect the death of the victim.
In addition, Appellant contends that fundamental error exists because the State suppressed material evidence which might have been beneficial to Appellant.
The record in this case reveals the following:
On 11 March 1970, the victim, a 12-year-old female, was stabbed to death. At approximately 6:45 a.m., the victim's mother sent her to the neighborhood grocery store to purchase a pack of cigarettes. The victim arrived at the store at approximately 7:00 a.m., purchased the cigarettes and started home. At the time the victim was in the store, the Appellant was also there. Appellant left the store several minutes after the victim, returning several minutes later to inform the grocery store owner that the victim was dead in the woods. An ambulance was called and the victim was taken to a hospital where she died at approximately 9:20 a.m. on the same date.
The victim was found about 100 to 150 yards from the store in the woods. Her clothes were saturated with blood and the attending physician found 14 stab wounds, mostly on her back. Scrapings were taken from beneath the victim's fingernails but prior to trial were lost or misplaced by the police prior to analysis.
At approximately 4:00 p.m. on 11 March 1970 while the sheriff was enroute to Appellant's home, he received a message that Appellant and his father were at the police station. Upon his return to the police station, the sheriff was advised by Appellant's father that he had brought the Appellant in because he had received a number of telephone calls about the murder and wanted to know what was going on. In the presence of the father, Appellant was informed that he was a suspect, was fully informed of his constitutional rights and he and his father signed a waiver of these rights.
Following several conversations between the sheriff, Appellant and his father, Appellant admitted to the stabbing of the victim. As Appellant was embarrassed to discuss the matter further in the presence of his father, the father left the room and subsequently detailed confessions were obtained from the Appellant both verbal and by a court reporter. Appellant admitted stabbing the victim with a knife belonging to his mother which he then threw upon the grocery store roof where it was found.
At the trial Appellant testified that he found the victim after she had been stabbed and that several days before the stabbing he had accidentally thrown the knife upon the grocery store roof. Concerning the confessions, Appellant testified that he did not recall the interrogation by the sheriff nor if he was mistreated in any way.
Prior to trial, Appellant filed a Motion to Suppress the confessions on the grounds that the confessions were obtained in violation of Appellant's privilege against self incrimination and right to counsel, and the confessions were not freely and voluntarily given.
Prior to trial and in the absence of the jury, the trial court heard testimony from the sheriff concerning the voluntariness of Appellant's confessions. The sheriff was the only witness produced by the State or the Appellant. Testimony was given by the sheriff concerning the circumstances, conditions and surroundings under which the confessions were made which included the age, sex, disposition, experience, character, education, intelligence, previous training and the mental condition of the Appellant. The trial court permitted full cross examination by Appellant's counsel with the exceptions of it did not permit Appellant's counsel to inquire as to what the Appellant told the sheriff his feelings were just prior to stabbing the victim and did not permit the sheriff to state if he *133 knew of any mental disturbances in Appellant's family.
At the conclusion of the suppression hearing, the trial court announced that the grounds of Appellant's Motion to Suppress the confessions were denied.
At the conclusion of the State's case in chief and of all the evidence, Appellant moved for a directed verdict on the grounds that the State had failed to establish the corpus delicti, premeditated design of intent to kill and a prima facie case. The trial court denied these motions.
Following trial, Appellant filed a Motion for New Trial on the ground that the verdict was contrary to the law and the weight of the evidence. The trial court denied this motion.
Subsequently, Appellant filed Assignment of Errors contending the trial court erred in denying the motions to suppress, for a directed verdict, and for a new trial.
1. As Appellant failed to raise in the trial court that Appellant's confessions were inadmissible because Appellant had not been brought before a Juvenile Judge prior to making the confessions, and had not been afforded a preliminary hearing, this court cannot now consider these questions.[1] This court is further precluded from considering these questions as Appellant also failed to raise these questions by his Assignment of Errors.[2]
2. A trial court ought to conduct its examination of the voluntary nature of a confession in the absence of the jury, so as to prevent the jury from being prejudiced against a defendant in the event it develops that the confession was not voluntarily made.[3]
In Brown v. State, 135 Fla. 30, 184 So. 518 (Fla. 1938), the court stated that the admissibility of a confession shall be determined by the trial court from a preliminary consideration of evidence offered by either party bearing on the circumstances, conditions and surroundings under which the confession was made, which may include evidence as to age, sex, disposition, experience, character, education, training, intelligence and the mental condition of the defendant.
The trial court conducted an examination of the voluntary nature of Appellant's confessions in the absence of the jury, and though it did not specifically state that it found Appellant's confessions to be voluntarily made, it impliedly did so as it denied Appellant's Motion to Suppress which was based on the ground that the confessions were not freely and voluntarily given. This is sufficient. In addition, the record supports the subsequent admissibility of the confessions in evidence.
3. Appellant's contention that the evidence was insufficient to show that the murder was committed with a premeditated design to effect the victim's death is without merit. Though premeditation involves a prior intention to do the act in question, it is not necessary that the intention be conceived for any particular period of time before the act. A moment before the act is sufficient.[4] Premeditation may be inferred from evidence as to the nature of the weapon used, the manner in which the murder was committed and the nature and manner of the wounds inflicted.[5]
In Rhodes v. State, 104 Fla. 520, 140 So. 309 (Fla. 1932), the court stated:
"If one person strikes another across the neck with a sharp knife or razor, and *134 thereby inflicts a mortal wound, the very act of striking such person with such weapon in such manner is sufficient to warrant a jury in finding that the person striking the blow intended the result which followed."
The evidence before the jury in this case was that Appellant stabbed the victim with his mother's knife 14 times in the back which resulted in her death. This is sufficient to support premeditation and the jury's verdict.
4. Appellant urges here that fundamental error exists because the State suppressed evidence which might have been beneficial to Appellant. This is premised on testimony at the trial by the pathologist that he took scrapings from the victim's fingernails. No testimony or evidence pertaining to the scrapings was introduced at the trial by the State and the testimony showed that the scrapings were lost or misplaced before an analysis could be done.
Appellant did not move for production of the scrapings and did not urge the contention now being made as a ground of his Motion for New Trial.
Though deliberate destruction, concealment or suppression of material evidence by the State would impair the constitutional rights of Appellant, the record is completely void of such illegal action by the State and the mere contention by Appellant that evidence was suppressed by the State which might have been beneficial to Appellant is insufficient and without merit.[6]
The judgment of the trial court is affirmed.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Shea v. State, 167 So.2d 767 (3 Fla.App. 1964).
[2] Belger v. State, 171 So.2d 574 (1 Fla. App. 1965).
[3] Brown v. State, 181 So.2d 578 (1 Fla. App. 1965).
[4] Lowe v. State, 90 Fla. 255, 105 So. 829 (Fla. 1925).
[5] Larry v. State, 104 So.2d 352 (Fla. 1958).
[6] Barton v. State, 193 So.2d 618 (2 Fla.App. 1967).