338 So.2d 201 (1976)
Thomas KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 47599.
Supreme Court of Florida.
September 30, 1976.
William Hutchinson, Jr., Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on direct appeal to review the convictions of Thomas Knight on two counts of murder in the first degree and sentence to death. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
*202 Appellant was indicted for the first degree murder of Lillian and Sydney Gans in that he did kill and murder them from premeditated design by shooting them with a rifle. Briefly the facts leading up to the murder and defendant's apprehension by the authorities are as follows. Upon arriving at his place of business and parking in his designated space, Mr. Gans was approached by the defendant who was carrying an automatic rifle and was told to reenter his automobile, to drive home and get Mrs. Gans, and to drive to the bank and get $50,000. While inside the bank, Mr. Gans informed the president about the abduction. The police and FBI were alerted. Mr. Gans then returned to his car with the money. He and his wife, shortly thereafter, were found shot to death, the fatal shots  perforating through their necks  having been fired from the rear seat of the vehicle. Thereafter, appellant was apprehended and taken into custody in a weeded area about 2,000 feet from the Gans' vehicle. Underneath him buried in the dirt was an automatic rifle and a paper bag containing $50,000. There were blood stains on his pants.
After an extensive trial, the jury returned verdicts of guilty of both counts of murder in the first degree and, after separate hearing on sentencing, recommended the death penalty be imposed. The trial judge agreed that under the circumstances the death penalty was the appropriate sentence and wrote his order on sentence carefully evaluating the mitigating and aggravating circumstances, stating in part:
"1. That the aggravating circumstances found by the Court to be present and listed by the Court with the lettering as set forth in Florida Statute 921.141(5), are as follows:
"(d) That the capital felonies were committed while the defendant was engaged in the commission of or in flight after committing the crime of kidnapping of Lillian Gans, and/or the robbery of Sidney Gans.
"(e) That the capital felonies were committed for the purpose of avoiding or preventing a lawful arrest.
"(f) That the capital felonies were committed for pecuniary gain.
"(h) That the capital felonies were especially heinous, atrocious or cruel.
* * * * * *
"It might be considered a close question as to whether these murders were especially heinous, atrocious or cruel, because of the fact that when the defendant actually killed the victims, death was almost instantaneous. However, the Court is of the opinion that the hours preceding the actual killings constituted exceedingly cruel treatment of the victims. Mr. Gans was continually under severe strain, not only thinking of his own life but that of his wife. Mrs. Gans was also under continuous strain. Mr. and Mrs. Gans proceeded to follow the directions of the defendant hoping to escape death, although probably fearing for their lives at every instant. When it became apparent to them that the defendant was forcing them to a deserted area, it probably also became apparent to them they were going to be murdered. This feeling no doubt continued up to the actual moment of the deaths. Mr. Gans' actions were particularly noteworthy. After the initial danger, he could have escaped when directed by defendant to the bank. However, Mr. Gans, with commendable courage, attempting to save the life of his wife, again voluntarily submitted himself to the control of the defendant, only to lose his life together with his wife. All of these circumstances constitute particularly cruel, heinous and atrocious actions by the defendant when he finally shot the victims.
"3. That as to mitigating circumstances, the Court finds as follows:
"(a) the defendant has a history of prior criminal activity.
"(b) the defendant was not under the influence of extreme mental or emotional disturbance when the capital felonies were committed.
"(c) the victims were not participants in the defendant's conduct nor did they consent to his acts.

*203 "(d) the defendant was not an accomplice in the capital felonies committed by another person and his participation was not relatively minor.
"(e) the defendant did not act under extreme duress or under the substantial domination of another person.
"(f) the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was not substantially impaired.
"(g) the age of the defendant at the time of the crime was 23 years. The Court finds age not to be a mitigating circumstance. The Court finds that the defendant is of at least average intelligence and experience as an adult.
* * * * * *
"... The Court finds, as did the jury, that the defendant is legally sane, knows right from wrong, knows the nature and consequences of his actions and did at the time of the commission of the two murders."
Twenty three points have been stated as points on appeal by appellant although not all of these points are argued. Careful review of the briefs and voluminous transcript of record reveal that none of these contentions constitutes reversible error.
Appellant urges error in the trial court's denial of his challenge for cause as to the impartiality of a juror. Preliminarily, it must be noted that the record does not reveal any challenge for cause of Juror Hochstadt. The record examination of Juror Hochstadt does not indicate any showing of partiality toward the State. In fact, the record evidences that the subject juror had formed no opinion as to the guilt or innocence of the defendant and would be completely impartial.
The trial court did not err in denying appellant's motion for additional peremptory challenges because of pervasive pre-trial publicity. He expressly determined that no showing of prejudice had been made. Additionally we note that the record clearly shows that the trial judge was extremely liberal in excusing jurors for cause in order that an impartial trial would be secured.
Appellant's argument that the court erred in denying his motion for change of venue is without merit. He has failed to prove that he did not receive a fair and impartial trial and that the setting of his trial was inherently prejudicial. Recently, in Dobbert v. State, 328 So.2d 433 (Fla. 1976), this Court restated the requirements set out by the Supreme Court of the United States in Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975), relative to a fair and impartial trial, as follows:
"The constitutional standard of fairness requires that a defendant have `a panel of impartial, "indifferent" jurors.' Irvin v. Dowd, supra, 366 U.S. [717], at 722, 81 S.Ct. [1639], at 1642, [6 L.Ed.2d 751]. Qualified jurors need not, however, be totally ignorant of the facts and issues involved.
"`To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' Id., at 723, 81 S.Ct. [1639] at 1642.
"At the same time, the juror's assurances that he is equal to this task cannot be dispositive of the accused's rights, and it remains open to the defendant to demonstrate `the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality.' Ibid.

"The voir dire in this case indicates no such hostility to petitioner by the jurors who served in his trial as to suggest a partiality that could not be laid aside. Some of the jurors had a vague recollection of the robbery with which petitioner was charged and each had some knowledge of petitioner's past crimes, but none betrayed any belief in the relevance of petitioner's past to the present case. Indeed, four of the six jurors volunteered *204 their views of its irrelevance, and one suggested that people who have been in trouble before are too often singled out for suspicion of each new crime  a predisposition that could only operate in petitioner's favor."
Appellant submits that the introduction of the testimony of Mr. Gill, the bank president, to the effect that Mr. Gans, the deceased victim had told him that he had been kidnapped and his wife was being held for $50,000 ransom and describing what had occurred thus far, into evidence was error as it was not within the res gestae of the crime charged. The testimony given by Mr. Gill was admissible as being within the res gestae of the crime of kidnapping, one of the felonies enumerated in the felony murder statute, section 782.04(1)(a), Florida Statutes. The crime for which appellant was charged was murder in the first degree, and he could be tried and convicted under the indictment if the killing was committed by him in the perpetration of any robbery or kidnapping. The trial court properly held this evidence admissible as res gestae, an exception to the hearsay rule. Cf. State v. Williams, 198 So.2d 21 (Fla. 1967), Campbell v. State, 227 So.2d 873 (Fla. 1969).
We find appellant's allegation that the court erred in allowing the State to prosecute the charges under a theory of felony murder when the indictment charged premeditated murder to be absolutely contrary to established precedent. In Larry v. State, 104 So.2d 352 (Fla. 1958), this Court explained:
"Furthermore, we think there was ample evidence to sustain a verdict for murder in the first degree committed in the perpetration of a robbery. The trial judge instructed the jury on this phrase of the law. His instruction was warranted by the evidence and in such a case premeditation is presumed as a matter of law. Leiby v. State, Fla., 50 So.2d 529. Proof of a homicide committed in the perpetration of the felonies set forth in § 782.04, Florida Statutes, F.S.A., may be shown under an indictment charging the unlawful killing of a human being from a premeditated design. Killen v. State, Fla., 92 So.2d 825; Everett v. State, Fla., 97 So.2d 241." (emphasis supplied)
Subsequently in Barton v. State, 193 So.2d 618 (Fla.App.2d 1967), authored by Justice Adkins while temporarily assigned to the District Court as an Associate Judge, that court opined and we agree:
"The indictment was in the usual form charging murder to have been committed with a premeditated design to effect the death of Corbin. The appellant argues that he should have been furnished with a bill of particulars specifying whether the State would proceed on the theory of felony murder or premeditated murder. Without being apprised of the specific theory under which the State was electing to proceed, appellant says he was placed at a burdensome disadvantage by being forced to prepare defenses to each, which defenses necessarily are inconsistent. Appellant contends that forcing such a burden upon him constituted a denial of due process.
"The allegations of the indictment were sufficient to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of any of the felonies mentioned in F.S.A. § 782.04 or was committed with a premeditated design. Southworth v. State, 98 Fla. 1184, 125 So. 345. Under such a charge evidence under either theory may be introduced and defendant may be convicted either on the theory that the killing was carried out as a result of a premeditated design to effect death or on the theory of felony murder. Larry v. State, 104 So.2d 352 (Fla. 1958)."
Cf. Hargrett v. State, 255 So.2d 298 (Fla. App. 3, 1971).
Having carefully evaluated all other points raised on appeal by appellant, we find none of them meritorious as to constitute reversible error.
We have listened carefully to oral argument, examined and considered the record in light of the assignments of error and briefs filed and we have also, pursuant to *205 Rule 6.16(b), Florida Appellate Rules, reviewed the evidence to determine whether the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence in the record, sub judice, does not reveal that the ends of justice require that a new trial be awarded.
Furthermore, we find appellant's position that the death penalty is not warranted under the particular facts of this case to be untenable. The atrocious, cruel, and heinous nature of the crimes committed by the appellant was carefully explained by the trial judge in his written findings of fact relative to the sentencing portion of this cause. Review of the record and consideration of the enumerated aggravating and mitigating circumstances support the conclusion that the death sentence recommended by the jury and imposed by the judge is appropriate under the particular facts of this cause.
Accordingly, no reversible error appearing, the judgments and sentence of the Circuit Court here under review are affirmed.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, J., took no part in the consideration of this case.