DANAHY, Judge.
The appellant, Miguel Perdomo, while a prisoner in a state correctional institution, was convicted of aggravated battery on a fellow inmate and possession of contraband (a knife) in a penal institution. He appeals the convictions contending that the trial court committed reversible error in failing to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), when a discovery violation surfaced at trial. We reverse.
The discovery violation about which the appellant complains concerned the clothing that he was wearing at the time he was taken into custody by prison officials following the stabbing of the victim. The victim testified at trial that he knew the appellant and that it was the appellant who stabbed him during an argument in the prison yard. The victim also testified that, at the time of the stabbing, the appellant was wearing blue prison garb. When prison officials arrived at the scene of the stabbing, they gave chase to the man who bolted from the area and caught the appellant. These officials also testified that, at the time he was caught, the appellant was wearing blue prison garb which was blood splattered. The appellant testified in his own defense that he was not the assailant, he had been wearing white prison garb because he had been on kitchen duty, and his clothing did not have blood stains on them.
During the discovery phase and pursuant to Florida Rule of Criminal Procedure 3.220, the appellant, in a written demand, *1376 requested all “objects of the accused.” The state did not disclose the confiscated clothing during pretrial discovery because the state thought that it no longer had the clothing in its possession. The state believed this evidence had been stolen, along with several other items of unrelated evidence, during a break-in of the office of the prison official who was in charge of such material. At trial, during cross-examination of one of the prison officials, it appeared that this clothing had not, in fact, been stolen, but was in a different office of the prison where this witness had seen it prior to trial but after the break-in. Defense counsel notified the court of the discovery violation and timely moved for a hearing pursuant to Richardson. The court denied the motion.
Any motion for a Richardson hearing triggers an inquiry “designed to ferret out procedural prejudice occasioned by a party’s discovery violation.” Smith v. State, 372 So.2d 86 (Fla.1979). This procedural safeguard is especially important when a Brady * violation is claimed because the prosecution has a continuing duty to disclose to the defendant any evidence favorable to the defendant; failure to do so results in a due process violation of constitutional proportions when the suppressed evidence is material to the defendant's guilt or punishment. State v. Hall, 509 So.2d 1093 (Fla.1987), citing United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); see generally, W.R. LaFave & J.H. Israel, Criminal Procedure § 19.5 (West 1985). The Florida Supreme Court decided Richardson to effectuate the Brady rule as codified in Florida Rule of Criminal Procedure 3.220. Hall, 509 So.2d at 1096. “The test for measuring the effect of the failure to disclose exculpatory evidence, regardless of whether such failure constitutes a discovery violation, is whether there is a reasonable probability that ‘had the evidence been disclosed to the defense, the result of the proceeding would have been different.’ ” Duest v. Dugger, 555 So.2d 849, 851 (Fla.1990), citing Bagley. If the articles of clothing are still in existence, they may constitute exculpatory evidence. The presentation of such material evidence to a jury could easily produce a result different from that which occurred here. A complete Brady/Richardson analysis is hampered because the trial judge refused to hold a Richardson hearing or to continue the proceedings so the exculpatory value of the evidence, if it was still in existence, could be determined.
Because the state has not denied its continued possession of the appellant’s clothing, we assume that the clothing is still in existence and find controlling Robinson v. State, 522 So.2d 869 (Fla. 2d DCA 1987), a rape and burglary prosecution wherein the defendant alleged that the state improperly withheld results of exculpatory lab reports. In Robinson, the defendant was separately tried for the rapes of N.L. and D.K. and, pursuant to rule 3.220(a)(l)(x), had requested the lab reports. The state maintained that there were no such lab reports to disclose. In reversing the convictions we explained:
“Just as there is no distinction between different prosecutorial offices within the executive branch of the U.S. Government for purposes of a Brady violation, there is no distinction between corresponding departments of the executive branch of Florida’s government for the same purpose.” Antone v. State, 355 So.2d 777 (Fla.1978). [Robinson’s] counsel specifically requested the results of any scientific tests upon the N.L. evidence. Up to the very time of trial, the state maintained that no scientific tests had been completed on evidence obtained on the N.L. and D.K. cases. However, the Sanford Regional Crime Laboratory, a component of Florida’s executive branch, had completed such tests prior to the N.L. trial. The state did not disclose the lab results until after appellant’s conviction in the N.L. case. The state disclosed the results for purposes of the D.K. trial. While the reports were of debatable exculpatory value, appellant should have had the benefit of the information contained within them.
*1377 Appellant’s third point on appeal is that the trial court erred when it failed to hold a Richardson hearing on the Brady violation. Richardson v. State, 246 So.2d 771 (Fla.1971). We agree. If the state fails to discharge its duty by providing defense counsel with information on discovery and the failure is brought to the trial court’s attention, the trial court must “inquire into the circumstances of the discovery violation and its possible prejudice to the defendant.” Smith v. State, 500 So.2d 125 (Fla.1986). The trial court failed to hold such a hearing in the instant case. The trial court’s cursory review of the alleged Brady violation at the hearing on the motion for a new trial was insufficient.
Robinson, 522 So.2d at 871 (footnote omitted). In Robinson, we found that the defendant was entitled to evidence of “debatable exculpatory value.” The appellant here is entitled to no less. Unless the existence of the evidence is first ascertained, the value of this evidence to the appellant, debatable or clear, will be unknown.
We find distinguishable several cases dealing with allegedly exculpatory evidence not produced by the state wherein the defendant was not granted the requested relief. Demps v. State, 395 So.2d 501 (Fla.1981), also had a prison stabbing but the victim died. The defense learned in pretrial depositions that the victim had made verbal communication to the correctional officer accompanying him to the hospital which statements the correctional officer reduced to writing and included in a report to a superior, the investigating officer. The state could not produce the report upon defense discovery request because the report had been misplaced. The trial court refused to dismiss the indictment based on the state’s failure to produce the report. Our supreme court affirmed on this point finding that the state was not in breach of the rules governing discovery because it had adequately and without contradiction explained that the statement had simply disappeared; in fact, the record suggested that the state attorney had never had access to the written statement. The supreme court found these to be “peculiar circumstances” and held that the state should not be held accountable for the non-production of the misplaced document. The Demps opinion shows that a full inquiry into the particulars of the discovery violation had already been made at the hearing on the motion to dismiss the indictment. In the case before us, the prosecutor did not deny that the clothing was indeed in another prison official’s possession so there remains the controversy over whether the clothing evidence is still in existence. Consequently, the case had not yet come to the point where Demps might control. If the clothing is available, the appellant has shown the necessity of his having access to it. If the evidence is not available, Demps will be pertinent to the inquiry concerning 'the state’s role in its disappearance.
In Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1966), the defendant sought a continuance on the ground that the sheriff’s office had concealed material witnesses but could not allege what the testimony of the witnesses would be. We held that the defendant’s motion did not contain the necessary allegations and its denial was not an abuse of discretion. Id. at 626. Although the state claims before us that it did nothing illegal in failing to divulge the evidence which it thought it did not have, because the evidence apparently was in the hands of the prison officials, we have no trouble in concluding that the appellant should not be disadvantaged merely because the right hand of the state did not know what its left hand held. “[T]he state is charged with constructive knowledge and possession of evidence held by other departments of the executive branch of Florida’s government for discovery purposes.” Lee v. State, 538 So.2d 63, 65 (Fla. 2d DCA 1989); see also Robinson. Moreover, in contrast to Barton, the appellant here has made the necessary allegations of how the missing clothing may be exculpatory and material, and, given the fact that the clothing appears still to be in existence, should be given an opportunity to investigate the evidence further. Robinson. Should the evidence be truly nonexistent, other issues will then be raised which the trial judge should have an opportunity to determine.
*1378 In Hernandez v. State, 273 So.2d 130 (Fla. 1st DCA 1973), scrapings from the victim’s fingernails were taken by the investigating pathologist but nothing was disclosed to the defendant because the scrapings were lost or misplaced before an analysis could be done. Distinguishing Hernandez from the instant case is the fact that in Hernandez the defendant did not move for production of the scrapings and did not urge this ground as reversible error in the trial court. The appellant here did make a request for any objects belonging to him which were in the possession of the state and did make timely objection as a result of the nondisclosure. In Hernandez the evidence had not been investigated so as to determine its exculpatory or incriminatory value before it was lost or misplaced, and, accordingly, no related evidence was introduced at trial. Here, too, the clothing was not examined or tested and no evidence relating to the clothing was introduced by the state at trial other than testimony of the state’s witnesses as to what the assailant had been wearing. The Hernandez scrapings were well and truly gone, an evidentiary circumstance which has not been determined yet in the case before us. Hernandez does caution that “deliberate destruction, concealment or suppression of material evidence by the State would impair the constitutional rights of Appellant” but found the record there devoid of such illegal action by the state and that the defendant’s mere contention that the suppressed evidence “might” have been beneficial was insufficient and without merit. Id. at 134. In the case before us, these are factors the trial court has yet to take into consideration.
The trial court’s initial failure to comply with the dictates of Richardson requires us to reverse and remand for a new trial.
Reversed and remanded.
SCHOONOVER, C.J., and FRANK, J., concur.

 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).