PER CURIAM.
We affirm defendant’s conviction for first-degree murder based upon a jury verdict finding defendant guilty of felony murder.
Contrary to defendant’s contention, we cannot conclude that he had been insufficiently apprised in the indictment that the state was proceeding on a felony murder theory growing out of the underlying felony of drug trafficking or that the trial court erred in denying defendant’s motion for a statement of particulars as to what felony, if any, the state intended to pursue.
While the indictment did not specifically charge felony murder, stating only that defendant “from a premeditated design ... did shoot [the victim] ... and as a direct result thereof [the victim] died,” a charge of premeditated murder has been held sufficient to support a conviction for felony murder. See Bush v. State, 461 So.2d 936 (Fla.1984); Knight v. State, 338 So.2d 201 (Fla.1976). Also, the indictment in this case further charged that defendant’s acts were contrary to section 782.04(1), Florida Statutes (1987), which specifies felony murder as a crime. While the evidence showed that defendant’s accomplice actually fired the shots which resulted in the murder and the indictment, as noted above, charged defendant with shooting the victim, the indictment additionally charged that defendant’s alleged acts were contrary to section 777.011 which defines a principal in the first degree as one who aids or abets the commission of a crime.
In Knight, the Florida Supreme Court, quoting from Barton v. State, 193 So.2d 618, 624 (Fla. 2d DCA 1966), responded as follows to contentions much like those made by defendant in this case:
The indictment was in the usual form charging murder to have been committed with a premeditated design to effect the death of Corbin. The appellant argues that he should have been furnished with a bill of particulars specifying whether the State would proceed on the theory of felony murder or premeditated murder. Without being apprised of the specific theory under which the State was electing to proceed, appellant says he was placed at a burdensome disadvantage by being forced to prepare defenses to each, which defenses necessarily are inconsistent. Appellant contends that forcing such a burden upon him constituted a denial of due process.
The allegations of the indictment were sufficient to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of any of the felonies mentioned in F.S.A. § 782.04 or was committed with a premeditated design. Southworth v. State, 98 Fla. 1184, 125 So. 345. Under such a charge evidence under either theory may be introduced and defendant may be convicted either on the theory that the killing was carried out as a result of a premeditated design to effect death or on the theory of felony murder. Larry v. State, 104 So.2d 352 (Fla.1958).
338 So.2d at 204. And in Bush, 461 So.2d at 940, the supreme court reiterated the Knight holding under circumstances somewhat similar to those in this case:
Bush argues that our decision in Knight v. State, 338 So.2d 201 (Fla.1976), should be narrowed or distinguished because of the facts of this ease. Knight held that an indictment charging premeditated murder would permit the state to proceed on either the theory of premeditated murder or felony murder. Bush claims *908 that since he did not, in fact, commit the actual murder, Knight is inapplicable. We disagree. Whether or not Bush committed the actual murder is for the jury to determine. The jury could have decided that Bush was guilty of premeditated murder, or the jury could have convicted based upon the felony murder. In either case, Knight is applicable and Bush was not prejudiced by not knowing the specific theory upon which the state would proceed.
We do not conclude that defendant’s other contentions are meritorious.
Affirmed.
LEHAN, A.C.J., HALL, J., and SEALS, JAMES H., Associate Judge, concur.