ON MOTION FOR REHEARING

COBB, Judge.
The motion for rehearing is granted. The opinion filed in this ease on February 10, 1995, is withdrawn and the following opinion is substituted.
The State of Florida seeks certiorari review of a non-final pretrial order granting the defendant’s motion to preclude the state from proceeding on a drug overdose theory of prosecution under section 782.04(l)(a)3., Florida Statutes.
The defendant was indicted by the Bre-vard County Grand Jury for: (1) premeditated first degree murder, (2) sexual battery by use of great force, and (3) grand theft of a motor vehicle. Count I of the charging document alleged that:
... EDWARD ROBERT INGLETON [the defendant] on the 11th day of September, 1993, in the County of Brevard, and State of Florida, did then and there unlawfully kill a human being, WENDY PRIOR, by STRANGLING WENDY PRIOR, and said killing was perpetrated by said EDWARD ROBERT INGLETON from a premeditated design or intent to effect the death of said WENDY PRIOR contrary to section 782.04(l)(a)l, Florida Statutes.
Discovery in the case indicated that there might be a different possible cause of death besides strangulation including death caused by an overdose of cocaine. The defendant moved for a statement of particulars as to the alleged cause of death and the predicate felonies that the state would rely on if a felony murder conviction were sought. At a hearing on the motion for a statement of particulars the state represented that the cause of death could be asphyxiation or drug overdose (cocaine). The defendant moved to preclude the state from proceeding on a drug overdose theory of prosecution on the basis that the charging document charged the defendant with premeditated murder by strangulation under section 782.04(l)(a)l, Florida Statutes, and the defendant was not charged under section 782.04(l)(a)3, Florida Statutes, on a cocaine overdose theory under the felony murder by drugs offense established by that section. The state then moved to strike the language “by Strangling Wendy Prior” *444 from Count I of the indictment as surplus language.
The trial court granted the state’s motion to strike the language “by Strangling Wendy Prior” from Count I. The trial court also granted the defendant’s motion and precluded the state from proceeding with arguments and proof that the defendant committed first degree murder by unlawful distribution of a controlled substance. The trial court based its order on the fact that the indictment alleged that the defendant committed first degree murder by a premeditated design contrary to section 782.04(l)(a)l, Florida Statutes, and the state by attempting to proceed on a theory of felony murder by ingesting cocaine was proceeding on an inconsistent cause of death theory which is tantamount to allowing the state to prosecute a capital crime without proper presentment. The trial court, in its order, recognized that a felony murder theory under section 782.04(l)(a)2, Florida Statutes, and a premeditated murder theory under section 782.04(l)(a)l, Florida Statutes, are not mutually exclusive and the state may rely on a felony murder theory even when the indictment charges first degree premeditated murder. However, the court noted that in such cases the cause of death would be the same and the only difference would be the defendant’s intent. In the instant case the cause of death charged and the cause of death by drug ingestion are inconsistent.[1]
Section 782.04, Florida Statutes, provides:
782.04 Murder.—
(l)(a) The unlawful killing of a human being:
1. When perpetrated from a premeditated design to effect the death of the person killed or any human being; or
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
a. Trafficking offense prohibited by s. 893.135(1),
b. Arson,
c. Sexual battery,
d. Robbery;
e. Burglary,
f. Kidnapping,
g. Escape,
h. Aggravated child abuse,
i. Aircraft piracy, or
j. Unlawful throwing, placing, discharging of a destructive device or bomb; or
3.Which resulted from the unlawful distribution of any substance controlled under s. 893.03(1), cocaine as described in s. 893.03(2)(a)4., or opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user,
is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
In 1972 section 782.04(1) Florida Statutes, was amended to include unlawful distribution of heroin to a person over the age of 17 when such drug is proven to be the proximate cause of death as an underlying felony to support a conviction of first degree murder. Ch. 72-724, § 3, Laws of Fla. Section 782.04(1), Florida Statutes, was amended in 1976 to include the unlawful distribution of opium when the drug is proven to be the proximate cause of death as first degree murder. Ch. 76-141, Laws of Fla. Prior to 1982 section 782.04(1), Florida Statutes, relating to first degree murder, was divided into subsections (a) and (b). Subsection (a) related to premeditated murder and felony murder and contained enumerated underlying felonies including the unlawful distribution of opium or its derivatives resulting in death. In the 1982 supplement to the Florida Statutes subsection (1) was divided into three sections. Section 1. dealt with premeditated murder, section 2. listed enumerated underlying felonies (a) through (i), excluding distribution of opium, and section 3. related *445 specifically to the unlawful distribution of opium or its derivatives resulting in death.[2]
The 1982 revision to the statute which changed the paragraph form to a list form and separated the underlying felony of unlawful distribution of opium into its own section was not the result of any legislative enactment. Apparently, this revision was an “editorial” revision undertaken by the Statutory Revision Division under the authority of section 11.242, Florida Statutes. We find no indication of legislative intent to elevate the underlying felony of unlawful distribution of opium to a separate category. In 1987 the statute was amended to include distribution of any controlled substance under section 893.03(1), Florida Statutes, cocaine as described in section 893.03(2)(a)4, Florida Statutes. Ch. 87-243, § 6, Laws of Fla.
The Florida Supreme Court has held that a charge of premeditated murder is sufficient to support a conviction for felony murder. Bush v. State, 461 So.2d 936 (Fla.1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986); Knight v. State, 338 So.2d 201 (Fla.1976).[3] In Knight the court, quoting from Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1966), cert. denied, 201 So.2d 459 (Fla.1967), reasoned that when a defendant is charged with premeditated murder the state may proceed on a premeditated murder theory or a theory of felony murder. In Bush, 461 So.2d at 940, the supreme court reiterated the Knight holding and rejected the defendant’s argument that Knight was inapplicable because the defendant did not actually commit the murder. The court held that the defendant was not prejudiced by not knowing the specific theory upon which the state would proceed.
The state relies on the Knight line of cases for the proposition that an indictment charging premeditated murder under section 782.04(l)(a)l., Florida Statutes, is sufficient to support a conviction for felony murder under section 782.04(l)(a)3., Florida Statutes. The defendant distinguishes Knight on the basis that felony murder by one of the felonies enumerated in section 782.04(l)(a)2., Florida Statutes, is equivalent with premeditated murder while felony murder resulting *446 from the unlawful distribution of a controlled substance under section 782.04(l)(a)3., Florida Statutes, contains a different element that premeditated murder or the traditional felony murder do not.
The Knight line of cases which hold that a charging document which only alleges premeditated murder is sufficient to uphold a conviction for felony murder deal only with felony murders involving underlying felonies now enumerated in section 782.04(l)(a)2., Florida Statutes. No Florida cases could be found which apply this holding to felony murder by distribution of an unlawful controlled substance under 782.04(l)(a)S., Florida Statutes.
The holding in Knight, that an indictment charging premeditated murder is sufficient under the statute to charge first degree murder, regardless of whether the murder was committed in the perpetration of any of the named felonies in the statute, is based on the theory that the perpetration or attempt to perpetrate any of the said felonies, stands in lieu of and is the legal equivalent of premeditation. Killen v. State, 92 So.2d 825 (Fla.1957).
The trial court’s order in the instant ease is based on the conclusion that the state charged the defendant with murder caused by strangulation and did not charge the defendant with killing the victim by unlawful delivery of a controlled substance. However, it should be noted that the trial court granted the state’s motion to strike the language “by Strangling Wendy Prior” from the indictment. Therefore, the indictment charges the defendant with killing the victim simply by premeditated design. The question then becomes whether the unlawful killing of a human being which resulted from the unlawful distribution of a controlled substance, when such drug is the proximate cause of death, which is contained in subsection 3., differs in any substantial way with an unlawful killing resulting from the perpetration of one of the specified felonies contained in subsection 2.
The early legislative history and the theoretical basis of the Knight eases suggest there is no substantive difference. Prior to 1982, section 782.04(l)(a), Florida Statutes, contained in the same paragraph a list of underlying felonies including unlawful distribution of opium (a controlled substance). It was not until 1982 that the underlying felony of unlawful distribution of opium was separated into an individual subsection. The defendant’s argument that the underlying felony in subsection 3. requires a different element, i.e., that the drug was the proximate cause of death, is without merit. Like the underlying felonies in subsection 2. the death results from the underlying felony of unlawful distribution of a controlled substance which substance is proven to be the proximate cause of death. When the underlying felony in subsection 3. is proven, that felony stands in lieu of premeditation and like the felonies in subsection 2., is the legal equivalent to premeditation. Therefore, the legal theory in Knight applies and a charging document which charges premeditated murder should be sufficient to support a conviction for felony murder by unlawful distribution of a controlled substance. There is no evidence of a legislative intent to separate and elevate the underlying felony of unlawful distribution of a controlled substance from the other underlying felonies included in the statute. The Florida Supreme Court decided Knight in 1976. This decision was issued before the 1982 change and that decision applied to all the underlying felonies included in the 1976 version of section 782.04(l)(a), Florida Statutes, including the underlying felony of unlawful distribution of a controlled substance.
Accordingly, we grant certiorari review and quash the order of the trial court.
CERTIORARI GRANTED; ORDER QUASHED.
W. SHARP and PETERSON, JJ., concur.

. The better method of charging the defendant would have been to allege two alternative methods of first degree murder in Count I, i.e., providing cocaine or strangulation. This method has been upheld. King v. State, 545 So.2d 375 (Fla. 4th DCA), rev. denied, 551 So.2d 462 (Fla.1989).

. The 1981 version of section 782.04(l)(a), Florida Statutes (1981), contained the following language:
782.04 Murder.—
(l)(a) The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in s. 775.082. (emphasis added).
The 1982 version of section 782.04(l)(a), Florida Statutes (Supp.1982), contained the following language in a revised version:
782.04 Murder.—
(l)(a) The unlawful killing of a human being:
1. When perpetrated from a premeditated design to effect the death of the person killed or any human being; or
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
a. Trafficking offense prohibited by s. 893.135(1).
b. Arson,
c. Sexual battery,
d. Robbery,
e. Burglary,
f. Kidnapping,
g. Escape,
h. Aircraft piracy, or
i. Unlawful throwing, placing or discharging of a destructive device or bomb; or
3. Which resulted from the unlawful distribution of opium or any synthetic or natural salt, compound, or opium or any synthetic or natural salt, compound derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of death of the user, is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082. (emphasis added).

. See also Armstrong v. State, 642 So.2d 730 (Fla.1994); Lovette v. State, 636 So.2d 1304 (Fla.1994); Young v. State, 579 So.2d 721 (Fla.1991), cert. denied, 502 U.S. 1105, 112 S.Ct. 1198, 117 L.Ed.2d 438 (1992); O’Callaghan v. State, 429 So.2d 691 (Fla.1983); Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982); Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1966), cert. denied, 201 So.2d 459 (Fla.1967).