DAVIS, Judge.
Sean Anthony Hrehor challenges his convictions for armed kidnapping, aggravated assault, carrying a concealed weapon, and battery. He argues that the trial court abused its discretion in prohibiting defense counsel, on the basis of an alleged discovery violation, from using the handwritten notes of the State’s chief witness to impeach that witness. We agree with Hrehor and reverse. Our determination to reverse on this issue renders moot the remaining two issues Hrehor raises on appeal.
Hrehor was charged with attacking his Department of Children and Family Services (“DCF”) coordinator, Lynn Gayton, when she arrived at his apartment to discuss his case with him. Hrehor, however, claimed that he did not attack Gayton. He maintained that she appeared at his door that day with the sole purpose of challenging his decision to release her as his coordinator and that it was only when she became contentious that he grabbed her arms and threw her out.
Gayton testified at trial to the facts of the alleged attack, stating that Hrehor had called her twice that morning to ask if she was coming to see him at noon. On cross-examination, Hrehor’s counsel sought to impeach Gayton with her handwritten case management notes regarding Hrehor, which counsel believed demonstrated not only the animosity between Gayton and Hrehor but also her motive to lie. The State objected, arguing that to allow such impeachment would be a discovery violation because the defense had not previously disclosed these case management records to the State. Defense counsel responded that because the case notes were kept by a worker for DCF, a state agency, it was the State, not the defense, that was under a discovery obligation to disclose the records.
To show the trial court the relevance of the notes,. defense counsel proffered that despite entries, meticulously detailing other telephone messages left by and for Hrehor on other dates, Gayton’s notes contained no notation that Hrehor called Gayton twice on the morning of the home visit. The notes did, however, contain a notation that Hrehor had previously complained to Gayton’s supervisor about her. Defense counsel further advised the trial court that DCF’s legal counsel told her that since she was not asking for abuse records regarding Hrehor, Gayton’s records were not privileged and could be disclosed without prior court approval.
The trial court advised defense counsel that she was nonetheless responsible for providing reciprocal discovery to the State pursuant to Florida Rule of Criminal Procedure 3.220(d)(l)(B)(iii), which requires the defense to provide the State with “any tangible papers or objects that the defendant intends to use in the hearing or trial.” *827 Although defense counsel responded that she had obtained the notes at 4:45 p.m. on the Friday preceding the Monday morning court date, the trial court insisted that defense counsel should have given the State a copy of the notes at that time. Noting that the records were seventy-four pages long, the trial court characterized defense counsel’s attempted use of such notes as an “ambush” and a “blatant discovery violation” and denied the defense request to use the notes as impeachment.
Later during cross-examination, Gayton maintained that there was no animosity between herself and Hrehor at the time of the home visit, and she downplayed the fact that he had complained about her to her supervisor. Hrehor was found guilty as charged.
We conclude that the trial court abused its discretion in refusing to allow defense counsel to use Gayton’s handwritten notes to impeach her credibility. Since these records, which impeached the credibility of the State’s chief witness, were kept by that witness and were in the possession of DCF, a state agency, the records constituted impeachment evidence that the State had a duty to disclose to the defense. The State cannot complain that the defense has committed a discovery violation concerning material that is in the State’s possession and control. As this court stated in Lee v. State, 538 So.2d 63, 65 (Fla. 2d DCA 1989), “the state is charged with constructive knowledge and possession of evidence held by other departments of the executive branch of Florida’s government for discovery purposes.” Since DCF is a department of the executive branch of Florida’s government, the State was charged with constructive knowledge and possession of Gayton’s notes for discovery purposes. See id.; see also Antone v. State, 355 So.2d 777 (Fla.1978); Perdomo v. State, 565 So.2d 1375, 1377 (Fla. 2d DCA 1990).
As such, we conclude that the trial court abused its discretion in finding that defense counsel committed a discovery violation and in prohibiting defense counsel from using the case management notes to impeach Gayton at trial. Moreover, given the fact that these records went to the credibility of Gayton, the State’s chief witness, we cannot say that the error was harmless.
Reversed.
NORTHCUTT and VILLANTI, JJ., Concur.