PIERCE, Judge.
Appellant Hubert Robert Crusoe appeals to this Court from an order denying his motion to vacate filed under CrPR 1.850, 33 F.S.A.
By separate informations, Crusoe was charged with uttering and passing four forged bank checks. Attended by Court-appointed counsel, Crusoe appeared in open Court on June 5, 1964 and withdrew pleas of not guilty previously entered to the infor-mations and in lieu thereof pleaded guilty to all four charges, receiving a concurrent sentence to the State Prison.
On April 9, 1970, he filed a post-conviction petition in the trial Court, seeking to have such sentences declared void. As frequently occurs, the petition is rambling and in large part incoherent, but as we construe it his contention is that at the time of commission of the acts constituting the basis of the prosecution, namely, the passing of the forged checks, he was not legally competent to commit the offenses due to “involuntary drunkenness” (whatever that is); that his condition rendered him unable to entertain the requisite intent to defraud required by law to make out the offenses charged; and that when he appeared in Court to change his pleas to guilty “he did not know that under Florida law he was not responsible for these wrongful acts”.
On April 10, 1970, the trial Judge entered order denying the petition, reciting that on five previous occasions subsequent to entry of sentence Crusoe had been before that Court on various motions, either to dismiss the charges, or to mitigate the sentences, or to vacate the sentences, all of which had been denied, and that at least one of the orders of denial has been appealed and affirmed by this Court. It does not distinctly appear from the trial Judge’s order of April 10, 1970, that any of Crusoe’s previous motions contained the identical ground set forth in his current motion, so that the instant order cannot be summarily upheld because of previous motions filed and adversely ruled upon.
However, the order appealed from must be affirmed because the motion on its face shows that Crusoe pleaded guilty in open Court in presence of his counsel to four separate felonies with full knowledge of his mental and/or physical condition at the time of commission of the acts for which he was before the Court. Furthermore, his pleas of guilty put at rest all questions of his guilt or innocence from a factual standpoint. And the fact, as he so contends, that he “did not know”, at the time he pleaded guilty, that he had a “good defense” cannot avail him.
In the first place, it was not a good defense, because it does not follow, as a matter of law, that mere drunkenness, whether voluntary or involuntary, neces *149 sarily immunizes a person from the consequences of his felonious conduct involving acts which, by their very nature, presuppose a binding knowledge of what he is doing. Also, he does not in any way impugn the competence of his Court counsel and it must therefore be assumed that Crusoe was sufficiently advised of all legal attributes of the charges against him and of his legal amenability to such charges.
The order denying relief must therefore be affirmed.
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.