DANIEL S. PEARSON, Judge.
Because theft under Section 812.-014, Florida Statutes (1981), is a crime requiring proof of specific criminal intent, State v. Lewis, 364 So.2d 1223 (Fla.1978); State v. Allen, 362 So.2d 10 (Fla.1978), voluntary intoxication is a defense thereto.[1] See Russell v. State, 373 So.2d 97 (Fla.2d DCA 1979). See also Edwards v. State, 428 So.2d 357 (Fla.3d DCA 1983). Here, however, although it is abundantly clear that the defendant was drug intoxicated when he was arrested and the stolen property found on his person, there is not the slightest evidence to show that the defendant was intoxicated at the time of the theft, which, as the record reveals, could have occurred some thirty-six hours before the defendant was arrested in his intoxicated state. In order for a defendant to be entitled to an instruction to the jury on voluntary intoxication as a defense, there must be some evidence to show that the intoxication prevented him from forming the requisite specific intent.[2] There is none here, and the instruction was correctly denied.
Affirmed.

. The defendant was also convicted of possession of methaqualudes, see § 893.13(l)(e), Fla. Stat. (1981), an offense which does not require proof of specific intent and to which, therefore, voluntary intoxication is not a defense. See State v. Medlin, 273 So.2d 394 (Fla. 1973) (unless statute prohibiting act specifically requires criminal intent, intent is furnished by the doing of the act itself and need not otherwise be proved by the State); Broic v. State, 79 So.2d 775 (Fla.1955) (State need not prove criminal intent of defendant found in intoxicated state in possession of narcotics).

. While most cases involve a showing that the defendant was intoxicated immediately preceding or at the time of the crime, see, e.g., Edwards v. Russell, 428 So.2d 357 (Fla.3d DCA 1983); Fouts v. State, 374 So.2d 22 (FIa.2d DCA 1979), overruled on other grounds, Parker v. State, 408 So.2d 1037 (Fla.1982); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981), a showing that defendant was intoxicated imme *838 diately following the crime may under certain circumstances be sufficient to allow the jury to infer that he was intoxicated at the time of the crime.