476 So.2d 1262 (1985)
Mitchell O. LINEHAN, Petitioner/Cross-Respondent,
v.
STATE of Florida, Respondent/Cross-Petitioner.
No. 64609.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 28, 1985.
*1263 Jerry Hill, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for petitioner/cross-respondent.
Jim Smith, Atty. Gen. and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent/cross-petitioner.
OVERTON, Justice.
Petitioner seeks review of Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983), in which the Second District Court of Appeal upheld petitioner's conviction for first-degree felony murder and certified the following questions as being of great public importance:[*]
1. Whether voluntary intoxication is a defense to arson or to any crime.
2. Whether voluntary intoxication is a defense to first degree (felony) murder.
3. Whether a jury instruction on second degree (depraved mind) murder is necessary, if supported by the evidence, when defendant is charged with first degree (felony) murder.
442 So.2d at 256.
The facts of this case are as follows. Petitioner was indicted for arson under section 806.01, Florida Statutes (1981), and first-degree felony murder under section 782.04(1)(a), Florida Statutes (1981). He confessed to starting a fire in his girlfriend's apartment which eventually engulfed the entire building and resulted in one death.
Testimony admitted at trial indicated that petitioner had been intoxicated when he set the fire. Based on this testimony, petitioner requested a jury instruction on voluntary intoxication as a defense. The trial court denied this request. In so ruling, the court held that, because arson is not a specific intent crime, the defense is not available against a charge of first-degree felony murder based upon the underlying felony of arson.
Petitioner also requested an instruction on second-degree (depraved mind) murder as a lesser included offense of felony murder. This request was also denied. The trial court noted that second-degree (depraved mind) murder is not listed as a lesser included offense of first-degree felony murder for which instructions must be given under the Florida Standard Jury Instructions.
The jury found petitioner guilty as charged and, at sentencing, the trial court merged the two offenses and sentenced petitioner to a life term with a minimum mandatory 25-year sentence.
On appeal, the district court affirmed the trial court's denial of the voluntary intoxication instruction and held that (1) arson under section 806.01 is a general intent crime to which voluntary intoxication is not a defense and (2) voluntary intoxication is not a defense to first-degree felony murder when it would not be a defense to the underlying felony. The district court further determined that second-degree (depraved mind) murder was a lesser included offense of this felony murder which could be supported by the evidence in this case and held that the trial court's failure to instruct the jury on second-degree (depraved mind) murder was reversible error, requiring a new trial.
For the reasons expressed below, we answer the certified questions as follows: (1) the defense of voluntary intoxication does not apply to a general intent crime such as arson; (2) voluntary intoxication is not a defense to felony murder when, as in this case, the underlying felony is a general intent crime; and (3) second degree murder *1264 is a necessarily lesser included offense of first-degree felony murder.
With regard to the first certified question, we note that this Court has long recognized voluntary intoxication as a defense to specific intent crimes. Cirack v. State, 201 So.2d 706 (Fla. 1967); Garner v. State, 28 Fla. 113, 9 So. 835 (1891). In Garner we stated that when
a specific or particular intent is an essential or constituent element of the offense, intoxication, though voluntary, becomes a matter for consideration... with reference to the capacity or ability of the accused to form or entertain the particular intent, or ... whether the accused was in such a condition of mind to form a premeditated design. Where a party is too drunk to entertain or be capable of forming the essential particular intent, such intent can of course not exist, and no offense of which such intent is a necessary ingredient, [can] be perpetrated.
28 Fla. at 153-54, 9 So. at 845.
The courts of this state have applied this standard to allow the voluntary intoxication defense in cases involving specific intent crimes. See, e.g., Cirack (first-degree murder); Jenkins v. State, 58 Fla. 62, 50 So. 582 (1909) (breaking and entering with intent to commit misdemeanor); Heathcoat v. State, 430 So.2d 945 (Fla. 2d DCA 1983) (burglary, robbery, aggravated battery, and aggravated assault); Link v. State, 429 So.2d 836 (Fla. 3d DCA 1983) (theft); Williams v. New England Mutual Life Insurance Co., 419 So.2d 766 (Fla. 1st DCA 1982) (aggravated assault); Harris v. State, 415 So.2d 135 (Fla. 5th DCA), review denied, 419 So.2d 1198 (Fla. 1982) (burglary and battery); Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981) (robbery); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), review denied, 402 So.2d 613 (Fla. 1981) (battery on police officer); Presley v. State, 388 So.2d 1385 (Fla. 2d DCA 1980) (burglary); Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979) (escape from protective custody), overruled on other grounds, Parker v. State, 408 So.2d 1037 (Fla. 1982).
Florida courts have rejected the voluntary intoxication defense in the following cases involving general intent crimes. Gentry v. State, 437 So.2d 1097 (Fla. 1983) (attempted second-degree murder); Askew v. State, 118 So.2d 219 (Fla. 1960) (rape); Folks v. State, 85 Fla. 288, 95 So. 619 (1923) (manslaughter); Link v. State, 429 So.2d 836 (Fla. 3d DCA 1983) (possession of methaqualudes); Williams v. State, 250 So.2d 11 (Fla. 3d DCA 1971) (violence while resisting arrest); Crusoe v. State, 239 So.2d 147 (Fla. 2d DCA 1970) (passing forged bank checks).
As noted above, voluntary intoxication has been recognized in this state for more than ninety years as a valid defense to specific intent crimes. See Garner. We emphasize that voluntary intoxication is an affirmative defense and that the defendant must come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged. We note that evidence of alcohol consumption prior to the commission of a crime does not, by itself, mandate the giving of jury instructions with regard to voluntary intoxication. As this Court determined in Jacobs v. State, 396 So.2d 1113 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981), where the evidence shows the use of intoxicants but does not show intoxication, the instruction is not required.
We reiterate that the intoxication defense applies only to specific intent crimes. In the instant case, petitioner was charged with arson under section 806.01 and felony murder, with arson being the underlying felony. Section 806.01 reads, in part: "Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged ... [a] dwelling, whether occupied or not, or its contents ... is guilty of arson in the first degree which constitutes a felony of the first degree...." Petitioner argues that the words "willfully and unlawfully" are words of specific intent and, therefore, that voluntary intoxication should be a valid defense *1265 to arson. We disagree. Arson was a general intent crime under the common law. See W. Burdick, The Law of Crime § 692 (1946). At common law, arson was defined as "the wilfull and malicious burning of a dwelling house, or outhouse within the curtilage of a dwelling of another." Duke v. State, 132 Fla. 865, 870, 185 So. 422, 425 (1938). See also Sawyer v. State, 100 Fla. 1603, 132 So. 188 (1931); Williams v. State, 100 Fla. 1054, 132 So. 186 (1930). Under this definition, a specific intent to burn is not required. See Dorroh v. State, 229 Miss. 315, 90 So.2d 653 (1956); Crow v. State, 136 Tenn. 333, 189 S.W. 687 (1916). We find that the present statutory definition of arson does not materially vary from the common law definition with regard to the requisite intent. There is no indication that the legislature intended to change the common law intent requirement. Accordingly, we hold that arson under section 806.01 is a general intent crime and, therefore, voluntary intoxication is not available as a defense to arson.
The second question certified by the district court requires us to determine whether voluntary intoxication is a defense to first-degree felony murder. In Jacobs v. State, this Court considered whether the intoxication defense applied to felony murder where the underlying felony was robbery. We held in that case that a defendant charged with first-degree felony murder, with robbery being the underlying felony, may defend himself on the basis that he was too intoxicated to form the intent to commit the underlying felony of robbery. 396 So.2d at 1115. At common law robbery was a specific intent crime. J. Miller, Handbook of Criminal Law §§ 123-23 (1934). We conclude that when the underlying felony upon which a felony murder charge is based is a specific intent offense, the defense of voluntary intoxication may apply to felony murder, but when the underlying felony is a general intent crime, the voluntary intoxication defense does not apply. We reject the suggestion that we should eliminate or modify the defense of voluntary intoxication, although we recognize that courts are having difficulty determining whether a particular offense is a specific or general intent crime.
The third question concerns the need to instruct the jury on second-degree murder as a lesser included offense of first-degree murder. We agree with the district court that the failure to give the second-degree murder instruction in the instant case constituted error and find that second-degree murder is a necessarily included offense of first-degree premeditated and felony murder. Further, we find that the Florida Standard Jury Instructions schedule of lesser included offenses should be amended to include second-degree murder as a necessarily lesser included offense of first-degree felony murder. We recognize that the trial judge in the instant case followed the directions contained in the schedule of lesser included offenses in refusing to give the requested instruction. The error was in the schedule, which was approved by this Court. We suggest that Florida Rule of Criminal Procedure 3.490 be reviewed in light of this decision and Judge Grimes' concurring opinion in the district court decision below, and that the schedule of lesser included offenses be appropriately amended.
For the reasons expressed, we approve only the result of the decision directing a new trial.
It is so ordered.
ADKINS, McDONALD and EHRLICH, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.
SHAW, J., dissents with an opinion, in which ALDERMAN, J., concurs.
BOYD, Chief Justice, concurring in part and dissenting in part.
I agree with the majority of the Court that the failure to instruct on second-degree murder was reversible error requiring a new trial. I agree further with regard to the defense of intoxication that the instruction is required in a felony-murder prosecution *1266 only insofar as the defense goes to the question of intent to commit the underlying felony. On the remaining question of whether the underlying felony here was a specific or general intent crime, I must dissent.
In a prosecution for first-degree murder on a felony-murder theory, the intent to commit the underlying felony provides a substitute for the element of premeditation. This substituted intent is what justifies the law treating the first-degree felony murderer the same as the premeditated murderer for purposes of subjecting the offender to a conviction of the offense of first-degree murder. First-degree murder is a capital offense in Florida, subjecting the offender to either a sentence of death or of life imprisonment. §§ 782.04, 921.141, Fla. Stat. (1983). I believe that when a prosecution for first-degree murder relies on the felony-murder doctrine, the justification for the doctrine requires proof that the offender had a specific intent to commit the underlying offense.
The offenses listed in the felony-murder statute as subjecting the offender to first-degree murder liability when a killing takes place are mostly common-law, specific-intent crimes. § 782.04(1)(a)2, Fla. Stat. (1983). The few exceptions are offenses added to the first-degree felony murder statute in recent years. The offenses listed are almost all inherently and highly violent and life-endangering crimes. It is the intent to commit such an act, when a killing ensues, that justifies treating the offender the same as an intentional murderer.
I would therefore hold that for purposes of a first-degree murder prosecution, the underlying felony of arson must be treated as a specific intent crime regardless of whether it is treated as such in a prosecution for arson. It follows that the accused here was entitled to have the jury instructed on intoxication, which has been recognized by past precedents as being relevant to the question of intent.
SHAW, Justice, dissenting.
I do not agree that second-degree, depraved mind, murder is a lesser included offense of first-degree felony murder as the district court below held. In agreeing with the district court, the majority has overlooked our recent holdings that it is the statutory elements, not the accusatory pleadings or evidence at trial, which determine whether an offense is separate, or a lesser included offense of another. If each offense contains an element that the other does not have, then the offenses are separate not lesser included. Vause v. State, 476 So.2d 141 (Fla. 1985); State v. Boivin, No. 64,368 (Fla. Aug. 29, 1985); State v. Baker, 456 So.2d 419 (Fla. 1984); Scott v. State, 453 So.2d 798 (Fla. 1984); State v. Baker, 452 So.2d 927 (Fla. 1984); State v. Gibson, 452 So.2d 553 (Fla. 1984); and Bell v. State, 437 So.2d 1057 (Fla. 1983).
The district court relies on Florida Rule of Criminal Procedure 3.490 and this Court's commentary adopting Florida Standard Jury Instructions in Criminal Proceedings, 431 So.2d 594 (Fla. 1981). However, as the cases cited above show, it is the legislature through its definition of statutory elements of offenses which determines whether offenses are separate or lesser included. The rules of criminal procedure and standard jury instructions must give way to that legislative decision. See section 775.021(4), Florida Statutes (1983), which codifies the rule of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The district court below and the majority depart from Blockburger in looking to the evidence that petitioner set an apartment building ablaze (arson), rather than to the statutory elements of first-degree felony murder and second-degree, depraved mind, murder. An examination of the elements contained in each leads me to the conclusion that the latter is not a lesser included offense of the former. First-degree felony murder requires an unlawful killing by a person engaged in the perpetration or attempted perpetration of one of ten listed *1267 felonies. The pertinent predicate felony here is arson. Second-degree, depraved mind, murder requires an unlawful killing, prepetrated by any act imminently dangerous to another, evincing a depraved mind, without premeditated design to effect the death of another. Examining these elements, first-degree felony murder does not require an act imminently dangerous to another or a depraved mind. Second-degree, depraved mind, murder does not require the commission of arson or any of the other listed felonies of first degree felony murder. Thus, each of these offenses contains statutory elements not present in the other and the offenses are separate as defined in Blockburger and section 775.021(4).
In its treatment of the certified questions of whether voluntary intoxication is a defense to arson or to first-degree (felony) murder, the majority follows well established law that voluntary intoxication is only a defense to specific intent, not general intent, crimes and thus is not a defense to arson or to first-degree felony (arson) murder. Bound as it was by controlling case law, the district court below reached the same conclusions. However, in a closely reasoned analysis, Judge Lehan demonstrates that the distinction which we have heretofore drawn between general and specific intent crimes is an artificial irrationality widely condemned by the authorities. I will not attempt to improve on Judge Lehan's analysis. This does not appear to be a suitable case for reexamining our position on the subject because the petitioner here stated his intent to burn the building down hours before doing so and remembers (confessed to) having done so.
In its opinion the district court held that petitioner's conviction of arson should be vacated if on retrial petitioner is convicted of first-degree felony murder. This is contrary to State v. Enmund, 476 So.2d 165 (Fla. 1985), of which the district court had no knowledge.
I would disapprove the district court decision and remand with instructions that the convictions and sentences for first-degree murder and arson be reinstated.
ALDERMAN, J., concurs.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.