479 So.2d 826 (1985)
In the Interest of J.M., a Child, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 85-825.
District Court of Appeal of Florida, Second District.
December 13, 1985.
*827 Robert C. Hill, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for appellee.
LEHAN, Judge.
We affirm the order of permanent commitment of this three-year-old child to the custody of HRS for adoption.
Contrary to the argument on behalf of the parents, we find no basis to disagree with the trial court's conclusion that the requirements of Florida Statute section 39.41(1)(f)(1)(a) for permanent commitment were met because abuse was proven as defined in section 39.01(2), Florida Statutes (1983). That latter section defines "abuse" as follows:
[A]ny willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired.
It is admitted that there was abuse and that at least mental injury was caused to the child. Under the evidence the trial court was entitled to find that the child became extremely withdrawn and behaved like a recluse. It is argued on behalf of the parents that acts which caused injuries were not "willful." As to the asserted lack of willfulness it is pointed out that because the economic circumstances of the parents were poor, financial crises came about which resulted in a lack of attention to the child. However, the evidence shows more than lack of attention. For example, there was bruising of various parts of the child's body. It is further argued that there was an "innocent" explanation. However, there appears to be no question that abuse was caused by the parents' own behavior, not by some external force. Nor do we conclude that the trial court erred in failing to find that the abuse was accidental. Cf. Linehan v. State, 442 So.2d 244, 247 (Fla. 2d DCA 1983), aff'd, 476 So.2d 1262 (Fla. 1985) (the word "willful" used in criminal statutes distinguishes conduct from accidental behavior).
There was competent evidence from which the trial court could conclude that after substantial counseling, parental training, and financial assistance by HRS, the prognosis for any improvement in the care of the child by the parents was not favorable. Indeed, the trial court found from the evidence that the child was "not safe from emotional and physical abuse in the home of the parents."
It is further argued on behalf of the parents that although it may not be in the child's best interests to return her now to her parents, there should not be permanent commitment and termination of parental rights. We agree that termination of parental rights is a most serious step to be taken only very advisedly. But we cannot conclude that the trial court did not do so in this case. There had been two occasions when the child had been temporarily removed from the custody of the parents and then returned to the parents without, the evidence showed, there having thereafter *828 been substantial improvement in the child's circumstances before the dependency petition which led to the foregoing permanent commitment order was filed. HRS argues, "How much more should this child be forced to endure?" The trial court decided, no more. Under this record the best interests of the child require that we agree. See In the Interest of W.D.N., 443 So.2d 493 (Fla. 2d DCA 1984).
Our sympathy for the emotionally immature parents whose economic circumstances were poor and I.Q.s low cannot override the concern for the child which we share with the trial court. We cannot help the parents and cannot countenance further harm to the child. See In the Interest of J.L.P., 416 So.2d 1250, 1253 (Fla. 4th DCA 1982).
Affirmed.
SCHEB, A.C.J., and HALL, J., concur.