PER CURIAM.
Appellant appeals from the judgment of guilt for first degree felony and armed robbery and the sentence imposed.
We affirm.
Appellant was charged by indictment with first degree felony murder and armed robbery in violation of sections 782.04(2) and 812.13, Florida Statutes (1983), respectively. At trial Glover, appellant’s accomplice, testified that on the night in question appellant drove Glover to a 7-11 convenience store, handed him a gun, and drove around the block while Glover went inside the store to rob it. The store clerk offered no resistance. Glover stated that as he was leaving, the gun accidentally fired, killing the clerk. There was no evidence to suggest that the shooting was premeditated. Glover stated that he was intoxicated during commission of the robbery. He testified that he was surprised when the gun fired, did not look to see where the bullet struck, and left the store without knowing whether the clerk had been shot. Appellant picked Glover up when he came out of the store, removed the cartridge from the gun and threw it away. Later, he hid the gun ac his mother’s house.
At trial the state theorized that appellant had aided and abetted his accomplice who was the actual perpetrator of the crimes. Appellant’s request for a jury instruction on second degree murder as a lesser included offense of first degree felony murder was denied. The jury returned a verdict of guilty as charged.
Appellant argues that the trial court erred in denying his request for a jury instruction on the lesser included offense of second degree murder.
We agree with appellant’s contention that second degree murder is a lesser included offense of first degree felony murder, but it is not a necessarily lesser included offense. Although Linehan v. State, 476 So.2d 1262, 1265 (Fla.1985), says that second degree murder is a necessarily lesser included offense of first degree murder, in light of State v. Furr, 493 So.2d 432 (Fla.1986), a later case, we believe that the supreme court did not intend that a second degree murder instruction is required in every first degree felony murder charge without consideration of evidence to support it. The supreme court considered and approved this court’s holding in Furr v. State, 464 So.2d 693 (Fla. 2d DCA 1985), that second degree depraved mind murder is a lesser included offense of first degree murder and that a requested instruction on second degree murder must be given when supported by the evidence.
The state contends that defense counsel failed to make a timely request for the second degree murder instruction. After review of the colloquy, we find that defense counsel’s request was sufficiently specific to constitute a timely objection. See Castor v. State, 365 So.2d 701 (Fla. 1978); Rivers v. State, 307 So.2d 826 (Fla. 1st DCA), cert. denied, 316 So.2d 285 (Fla. 1975). However, we find that the evidence adduced in this case falls short of section 782.04(2), Florida Statutes (1983).[1] Therefore, the trial judge correctly refused to give the instruction.
Affirmed.
DANAHY, C.J., and SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.

. Section 782.04(2) provides: The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree and constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in § 775.082, § 775.083, or § 775.-084.