521 So.2d 1077 (1988)
Kenneth SCURRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 70525.
Supreme Court of Florida.
February 11, 1988.
Rehearing Denied April 1, 1988.
James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Chief, Appellate Div., Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for respondent.
OVERTON, Justice.
This is a petition to review Scurry v. State, 506 So.2d 4 (Fla. 2d DCA 1987), in which the district court held that Scurry, the driver of the getaway vehicle in a convenience store robbery/killing, was not entitled to an instruction on second-degree murder as a lesser offense to the charge of first-degree felony murder. We find conflict with Linehan v. State, 476 So.2d 1262 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we hold that second-degree murder is a necessarily lesser included offense of first-degree felony murder and quash the decision of the district court.
The petitioner and his codefendant, Danny Glover, were indicted for first-degree felony murder and armed robbery. Glover pleaded guilty and agreed to testify against the petitioner at trial. Glover's testimony showed that petitioner drove Glover to a convenience store, handed him a gun, and *1078 drove around the block while Glover robbed the store. During the robbery, the store clerk offered no resistance. Glover claimed that as he was leaving the gun accidentally fired, killing the clerk. No evidence was presented suggesting that the shooting was premeditated. Glover stated that he was intoxicated at the time of the robbery, was surprised when the gun fired, and left the store without knowing whether the clerk had been shot. The petitioner, Scurry, picked Glover up as he left the store, removed the cartridge from the gun, and hid the gun in his mother's house where it was eventually discovered by police. Following the robbery, petitioner and Glover drove to Glover's girlfriend's house where Glover tearfully related the past events and requested that she call police. After driving petitioner home, Glover returned to his girlfriend's house and was arrested by police.
At trial, the state claimed this evidence established that Scurry had aided and abetted Glover, who was the actual perpetrator of the crimes, and, consequently, Scurry was guilty of first-degree felony murder. Scurry requested a jury instruction on second-degree murder as a lesser included offense of first-degree felony murder. The trial court denied this request, but did give the designated necessary lesser offense instruction on manslaughter. The jury returned a guilty verdict on both first-degree felony murder and robbery.
The Second District Court of Appeal affirmed the trial court, holding that, although second-degree murder is a lesser included offense of first-degree felony murder, it is not a necessarily lesser included offense and was not applicable under the circumstances of this case, citing its decision in Furr v. State, 464 So.2d 693 (Fla. 2d DCA 1985).
In Linehan v. State, 476 So.2d 1262 (Fla. 1985), this Court determined that "second-degree murder is a necessarily included offense of first-degree premeditated and felony murder." Id. at 1265 (emphasis added). We also directed that "the Florida Standard Jury Instructions schedule of lesser included offenses should be amended to include second-degree murder as a necessarily lesser included offense of first-degree felony murder." Id. (emphasis added).
At the time of the Linehan decision, the schedule of necessarily lesser included offenses for first-degree premeditated murder included: (1) second-degree murder and (2) manslaughter; for first-degree felony murder, the schedule identified only manslaughter as a necessarily lesser included offense. This Court, in Linehan, made a policy determination that the same category one necessarily lesser included degrees of homicide of second-degree murder and manslaughter that were applicable for first-degree premeditated murder should also be applicable for first-degree felony murder. We adhere to that decision and again direct that the Florida Standard Jury Instructions schedule of lesser included offenses be so amended. In doing so, we are mindful that the Florida Standard Jury Instructions schedule of lesser included offenses was modified in 1987 to eliminate manslaughter as a category one necessarily lesser included offense of first-degree felony murder.
Accordingly, we quash the decision of the district court in the instant case and remand with directions that the cause be returned to the trial court for a new trial.
It is so ordered.
McDONALD, C.J., and EHRLICH, BARKETT and KOGAN, JJ., concur.
SHAW and GRIMES, JJ., dissent with an opinion.
SHAW, Justice, dissenting.
I dissent for the reasons set forth in my dissents to Wilcott v. State, 509 So.2d 261, 263 (Fla. 1987); State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986); and Linehan v. State, 476 So.2d 1262 (Fla. 1985). The offenses of first-degree felony murder and second-degree depraved mind murder each contain unique statutory elements and the latter offense is not a lesser included offense of the former. § 775.021(4), Fla. Stat. (1985).
*1079 GRIMES, Justice, dissenting.
One may call something a necessarily lesser included offense when it isn't, much as one may call a horse a cow. However, such a description will not make it so, any more than it will endow the horse with the ability to provide milk.
A necessarily lesser included offense is an essential aspect of the greater offense. It is legally impossible to prove the greater offense without at the same time proving the lesser offense. State v. Baker, 456 So.2d 419 (Fla. 1984); Brown v. State, 206 So.2d 377 (Fla. 1968). A lesser offense cannot be a necessarily lesser included offense if it contains an element not present in the greater offense. Rotenberry v. State, 468 So.2d 971 (Fla. 1985).
A first-degree felony murder occurs as a result of an unlawful killing of a human being when committed by a person engaged in the perpetration of or in the attempt to perpetrate a specified felony. § 782.04(1)(a)2, Fla. Stat. (1985). Second-degree murder can be committed in one of two ways: (1) when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, section 782.04(2), Florida Statutes (1985), and (2) when a person is killed in the perpetration of or in the attempt to perpetrate a specified felony by a person other than the person engaged in the perpetration of or in the attempt to perpetrate the felony, section 782.04(3), Florida Statutes (1985). It is evident that the proof of first-degree felony murder does not necessarily establish second-degree murder because first-degree felony murder neither requires proof of a depraved mind nor proof that the killing was done by a person other than one engaged in the felony. Hence, by definition, second-degree murder cannot be a necessarily included offense of first-degree felony murder.
It is true that in Linehan v. State, 476 So.2d 1262 (Fla. 1985), the Supreme Court said that second-degree murder is a necessarily included offense of felony murder. However, the instruction on second-degree (depraved mind) murder was required in Linehan only because it was supported by the evidence and, therefore, mandated by Florida Rule of Criminal Procedure 3.490. As such, it was a category two lesser included offense, not a category one necessarily lesser included offense. The Court later implicitly adopted this rationale when it approved the opinion of the district court of appeal on this issue in State v. Furr, 493 So.2d 432 (Fla. 1986).
By its holding in the instant case, the majority has now determined that an instruction on second-degree murder must be given as a necessarily lesser included offense of first-degree felony murder regardless of whether there is evidence to convict of second-degree murder. This is contrary to the specific requirement of Florida Rule of Criminal Procedure 3.490 that the "judge shall not instruct on any degree as to which there is no evidence."
I respectfully dissent.