NIMMONS, Judge.
Appellant raises a number of issues regarding his convictions of various offenses. We affirm except for his conviction of second degree murder as to which we reverse.
Count VIII, which charged second degree murder, alleged in pertinent part:
... Williams ... did unlawfully kill a human being, Larry Richardson, by shooting him with a firearm, said killing being perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life....
The above allegations obviously track the language of Section 782.04(2), Florida Statutes.[1]
The evidence established that appellant and a codefendant, Mason, operated as partners in purchasing marijuana out of state and bringing it back to Florida for sale. A substantial quantity of marijuana was stolen from appellant and Mason. They set out to retrieve it. Suspicion eventually centered upon Larry Richardson (the homicide victim) and other individuals. Appellant hired accomplices to kidnap one of the suspected thieves with the intention of forcing him to reveal the whereabouts of the stolen marijuana. These accomplices, Knight and Bond, located Richardson, and in the course of attempting to kidnap him, Bond fatally shot Richardson.
Appellant claims that the court erred in denying his motion for judgment of acquittal, in denying his motion for arrest of judgment, and for instructing the jury, over the defendant’s objection, on the offense of second degree felony murder under Section 782.04(3),[2] Florida Statutes, the offense for which the defendant was found guilty in Count VIII. The court did not instruct the jury under the Section 782.-04(2) “traditional” second degree murder offense charged in Count VIII.
*189 Even if we were to somehow construe Count VIII as charging the offense of second degree felony murder under Section 782.04(3),[3] the evidence in this case would be insufficient to sustain such charge because it is quite clear from the evidence that the actual perpetrator of the homicide was one of the principals involved in the underlying felony. The Supreme Court has recently laid to rest any uncertainty with respect to this issue by holding:
[T]he offense defined in section 782.04(3), Florida Statutes (1975 and thereafter) requires that the killing be performed by a nonprincipal.
State v. Dene, 533 So.2d 265, 270 (Fla.1988).[4] We must, therefore, reverse the conviction under Count VIII and remand for the entry of an order vacating the judgment and sentence thereunder and granting the motion for judgment of acquittal as to that count.
We have examined the remaining issues and find them to be without merit. Accordingly, we affirm the judgments and sentences as to all counts except for Count VIII as stated above.
THOMPSON and BARFIELD, JJ., concur.

. Section 782.04(2) is reproduced in footnote 3, infra.

. Section 782.04(3) is reproduced in footnote 3, infra.

. The state asserts that appellant was put on notice of the stage’s theory of prosecution by the surrounding circumstances, including the discussion at a motion hearing and the state’s written traverse, and was therefore not prejudiced. The state also asserts that the rationale of Knight v. State, 338 So.2d 201 (Fla.1976) should apply to this case. In Knight, the Supreme Court held that an indictment which charges first degree murder by premeditation will support a conviction of first degree murder under a felony murder theory. See also O’Callaghan v. State, 429 So.2d 691 (Fla.1983) and Bush v. State, 461 So.2d 936 (Fla.1984). This holding was based upon the principle that where the evidence shows a killing committed by someone perpetrating or attempting to perpetrate one of the enumerated felonies in the felony murder statute, premeditation is presumed as a matter of law. Larry v. State, 104 So.2d 352 (Fla.1958); Leiby v. State, 50 So.2d 529 (Fla.1951).
Section 782.04 defines the offenses of murder and felony murder in the first and second degree as:
(1)(a) The unlawful killing of a human being:
1. When perpetrated from a premeditated design to effect the death of the person killed or any human being; or
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any [enumerated felony]
******
is murder in the first degree ...
(2) The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree ...
(3)When a person is killed in the perpetration of, or in the attempt to perpetrate, any [enumerated felony] by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony is guilty of murder in the second degree ...
The rationale of Knight cannot extend to the offense of second degree felony murder. First degree felony murder operates by imputing the necessary state of mind to constitute premeditated murder if the elements of felony murder are shown. The second degree felony murder statute, however, operates under a different scheme; it imputes the act necessary to constitute second degree murder. The necessary elements of second degree murder include a homicide committed by the defendant or an accomplice, whereas the second degree felony murder statute addresses a homicide committed by someone other than the defendant or his accomplice. Under Section 777.011, Florida Statutes, of course, a defendant is fully responsible for the acts of his accomplices.

. We hasten to add that the trial court did not have the benefit of the Supreme Court’s pronouncements in Dene.