WENTWORTH, Judge.
The state appeals an order by which a first degree felony murder charge was dismissed on the basis of prior jeopardy. Ap-pellee cross-appeals a sentencing order for other offenses, contesting the amount of a fine which was imposed. We affirm the dismissal because we find that the constitutional protection against double jeopardy precludes the present murder charge, and reverse and remand the sentence because the fine which was imposed was excessive.
Appellee was previously convicted of various offenses including second degree felony murder. In addition to multiple sentences of imprisonment a cumulative fine totalling $40,500 was imposed (including a $10,000 assessment for the second degree felony murder conviction). On appeal this court suggested that appellee had been charged with second degree “depraved mind” murder, but that the jury was instructed as to second degree felony murder; finding that the perpetrator of the homicide was one of the principals involved in the underlying felony, this court concluded that appellee could not be convicted of second degree felony murder and thus reversed this conviction. See Williams v. State, 540 So.2d 188 (Fla. 1st DCA 1989).
A new indictment was thereafter presented, charging appellee with first degree felony murder. Appellee moved to dismiss, asserting that such a prosecution would violate double jeopardy protections. After arguments were presented the lower court granted appellee’s motion and dismissed the first degree felony murder charge upon the asserted double jeopardy violation.
In finding that the new first degree felony murder charge is precluded by double jeopardy protections, the lower court relied on Scurry v. State, 521 So.2d 1077 (Fla.1988), and Linehan v. State, 476 So.2d 1262 (Fla.1985). In these cases the supreme court characterized second degree murder as a “necessarily lesser included offense” of first degree felony murder. This characterization was made in reference to second degree “depraved mind” murder, and should not necessarily extend to second degree felony murder. In the later case of State v. Dene, 533 So.2d 265 (Fla.1988), the supreme court distinguished first degree felony murder from second degree felony murder as depending upon whether the killing was done by a principal or nonprincipal to the felony. Under this approach first degree felony murder and second degree felony murder are mutually exclusive offenses, as the court implicitly recognized in Dene. Insofar as the two offenses are mutually exclusive, neither would be necessarily included in the other. Given the supreme court’s approach in Dene, the language in Scurry and Line- *883 han regarding the necessarily lesser included offense of second degree murder should be limited to the second degree “depraved mind” murder offense which was involved in those cases.
If second degree felony murder is not a necessarily lesser included offense of first degree felony murder, and since Dene establishes that the elements of the two offenses are mutually exclusive, the prior reversal of appellee’s second degree felony murder conviction would in itself arguably not invoke any double jeopardy prohibition against the new first degree felony murder charge. See H.L.A. v. State, 395 So.2d 250 (Fla. 1st DCA 1981). But appellee’s second degree felony murder conviction was obtained in a prosecution in which appellant was charged with second degree “depraved mind” murder. While the jury was not instructed as to this charge, jeopardy attached when the jury was impaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Allen v. State, 52 Fla. 1, 41 So. 593 (1906); State v. Cooper, 157 So.2d 875 (Fla. 2d DCA 1963).
The implicit abandonment of the “depraved mind” murder charge at the time of jury instructions does not negate this jeopardy, which in the circumstances here presented precludes a reprosecution for this offense. See Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Greene v. City of Gulfport, 103 So.2d 115 (Fla.1958); Johnson v. State, 27 Fla. 245, 9 So. 208 (1891). Since appellee may not be again prosecuted for second degree “depraved mind” murder, which Scurry and Linehan establish as a necessarily lesser included offense of first degree felony murder, double jeopardy protections likewise preclude a new prosecution for the greater first degree felony murder charge. See Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Greene v. City of Gulfport, supra; Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929); Jackson v. State, 418 So.2d 456 (Fla. 4th DCA 1982). The lower court thus properly granted appellee’s motion to dismiss as a new first degree felony murder prosecution would violate appellee’s constitutional right to be free from double jeopardy.
The court also resentenced appellee for the various other offenses, again imposing a cumulative fine totalling $40,500. This is the same amount as the fine which was previously imposed. Appellee asserts that the new fine exceeds the cumulative statutory máximums, and the state acknowledges that the fine “requires correction.” We are in agreement with the parties in this regard, and accordingly remand for this purpose.
The order dismissing the new first degree felony murder charge is affirmed. The sentencing order imposing an excessive fine is reversed, and the cause remanded.
SMITH and JOANOS, JJ., concur.