701 So.2d 1237 (1997)
T.E., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-374.
District Court of Appeal of Florida, Third District.
December 3, 1997.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, for appellee.
Before COPE, GODERICH and SORONDO, JJ.
COPE, Judge.
This is an appeal from an order withholding adjudication of delinquency and placing the appellant juvenile on community control.
The twelve-year-old appellant was charged by petition with a single count of arson of an unoccupied structure in violation of section 806.01, Florida Statutes (1995). At the adjudicatory hearing, one of the State's two witnesses, Odell Robbins, testified that he had seen the appellant playing with two other boys around a wooden storage shack on the grounds of an apartment complex. Robbins testified that the appellant climbed empty-handed into the shack and then emerged ten minutes later carrying a long metal pipe with some paper burning at one end. Robbins told the appellant to extinguish the flame at *1238 the end of the pipe, and the appellant did so. Shortly thereafter, Robbins noticed that the shack was on fire and called the fire department.
Monroe County Deputy Sheriff Kent Santiago, the State's other witness, testified that he arrived on the scene and found the shack in flames. When he subsequently questioned the appellant, he was told that one of the other boys had lighted the end of the pipe and the shed had caught on fire. Deputy Santiago could not recall precisely what part of the structure the appellant said had ignited. Deputy Santiago also testified that he did not believe the appellant intended to set fire to the shack. Based on the testimony of the two witnesses, the trial court found that the State had proven all of the elements of arson.
Section 806.01, Florida Statutes (1995), provides in pertinent part:
(1) Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents;
....
is guilty of arson in the first degree....
As a general intent statute, section 806.01 "prohibits either a specific voluntary act or something that is substantially certain to result from the act." Linehan v. State, 442 So.2d 244, 247 (Fla. 2d DCA 1983), aff'd, 476 So.2d 1262 (Fla.1985).
Because the proof of guilt here was circumstantial, the State was required to present evidence that excluded the appellant's reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 188 (Fla. 1989). The appellant contends that the fire was accidental. The State argues that it was substantially certain the storage shack would catch fire when the appellant lighted the piece of paper at the end of the pipe. The evidence presented at the hearing, however, does not lend support to this proposition or negate the reasonable hypothesis that, in playing with the lighted torch, the twelve-year-old appellant and his friends accidentally set fire to the shed. We conclude that the order under review must be reversed and the appellant discharged from the cause.
Reversed.