PER CURIAM.
Appellant was charged with operating a chop shop under section 812.16, Florida Statutes (1995). He pleaded guilty and was ordered to pay restitution to the victims or their insurers as follows: (1) $14,120 to State Auto Insurance Company on a Ford Rollback; (2) $3,000 to Jeffrey Woodard for his 1989 blue Camaro; (3) $762.90 to Richard or Barbara Hart for their expenses in attending restitution hearings; (4) $8,500 to Nationwide Insurance Company for Richard and Barbara Hart’s 1987 yellow IROC Camaro; and (5) $508.50 to State Farm Insurance Company for a 1990 white Oldsmobile. Appellant challenges that restitution order on appeal. We conclude that while the court was correct in ordering appellant to pay restitution, the court erred in arriving at some of the specific dollar amounts.
Appellant first challenges the propriety of ordering him to pay restitution at all, arguing that restitution is only proper where the defendant’s acts caused the victims’ losses. He maintains that his acts did not cause the victims’ losses because there was no proof that he had stolen any of the vehicles involved. This issue may be quickly disposed of, however, since appellant entered a plea of guilty to the charge that he “knowingly” owned or operated a chop shop. The definition of “chop shop” in section 812.16(l)(a) includes a place where a person engages in:
altering, dismantling, reassembling, or in any way concealing or disguising the identity of a stolen motor vehicle or of any major component part of a stolen motor vehicle; where there are two or more stolen motor vehicles present; or where there are major component parts from two or more stolen motor vehicles present.
There was sufficient evidence that the stolen vehicle or major component parts thereof for which restitution was properly ordered were present at appellant’s place of business. By pleading guilty, he waived any issue as to his guilt. See Crusoe v. State, 239 So.2d 147 (Fla. 2d DCA 1970). It is not necessary that the State offer evidence of appellant’s actual involvement in the theft of the vehicles for which restitution is ordered. See § 812.16(3), Fla. Stat. (1995).
*273 Appellant next challenges the specific dollar amounts of certain of the restitution awards. We observe first that the State has conceded error as to the $3,000 to be paid to Jeffrey Woodard and the $8,500 to be paid to Nationwide Insurance Company. In the case of Woodard, the State acknowledges that the loss was not the result of the theft of any motor vehicle or major component part. Accordingly, we vacate that $3,000 restitution award and order that it be stricken on remand. In the case of Nationwide Insurance Company, the State admits that it did not establish the salvage value of the vehicle, which amount should have been deducted from the amount paid to the Hart family. See Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997). On remand, the salvage amount must be established and deducted from the restitution paid to the Harts.
Appellant does not challenge the $508.50 to be paid the Harts for their expenses in attending restitution hearings, leaving as the only remaining amount to be considered the $14,120 to be paid to State Auto Insurance Company for the 1990 Ford Rollback. However, since appellant’s only challenge to this award was based on his contention that he did not steal the vehicle, his earlier guilty plea to the charge of knowingly operating a chop shop precludes our finding any error here.
Accordingly, we affirm all but the $3,000 award to Jeffrey Woodard and the $8,500 award to Nationwide Insurance Company. As to those amounts, we remand for proceedings in accord with this opinion.
CAMPBELL, AC.J., and THREADGILL and CASANUEVA, JJ., concur.