PER CURIAM.
Scott Hopkins timely appeals the summary denial of his pro se motion for post-conviction relief. We affirm.
On April 23, 1997, appellant was convicted, via no contest plea, of DUI manslaughter. He was sentenced to six years imprisonment. He filed no appeal of the judgment or sentence. Approximately a year later he filed his motion for post-conviction relief, alleging that his trial counsel was ineffective in failing to present a defense of voluntary intoxication to the DUI manslaughter charge, and in failing to inform appellant about that defense.
Voluntary intoxication is a defense to specific intent crimes, Kennedy v. State, 633 So.2d 1145, 1146 (Fla. 2d DCA 1994); Linehan v. State, 476 So.2d 1262, 1264 (Fla. 1985). However, DUI manslaughter is not a specific intent crime, but rather a general intent crime. Tollefson v. State, 525 So.2d 957, 961 (Fla. 1st DCA 1988). Voluntary intoxication is simply not a defense to DUI manslaughter. Thus, the trial court was correct in finding that appellant failed to allege facts showing that counsel’s performance fell below the wide range of professional assistance, as is necessary for a finding of ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
AFFIRMED.
GUNTHER and TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.